**Reberta INGRAM, as Administratrix of the goods, chattels and credits which were of Walter Ingram, Deceased, and Reberta Ingram, Individually, Plaintiff-Appellee,**

v.

**Vijay S. KUMAR, Defendant-Appellant.**

**No. 44, Docket 78–7181.**

United States Court of Appeals, Second Circuit.

Argued Sept. 13, 1978.

Decided Oct. 19, 1978.

David Jaroslawicz, New York City (Julien, Schlesinger & Finz, P. C., New York City, Alfred S. Julien, Stuart A. Schlesinger, New York City, of counsel), for plaintiff-appellee.

Thomas R. Newman, New York City (Bower & Gardner, New York City, Barbara P. Billauer, New York City, of counsel), for defendant-appellant.

Before FEINBERG, MANSFIELD and SMITH, Circuit Judges.

FEINBERG, Circuit Judge:

Defendant, Vijay S. Kumar, a physician residing in Jamestown, New York, appeals from an order of the United States District Court for the Western District of New York, John T. Curtin, Ch. J., that denied Kumar's motion for summary judgment and granted the cross-motion of Reberta Ingram, a resident of Illinois, to correct the spelling of defendant's name in the complaint from Vijaya N. Kumar to Vijay S. Kumar. In this medical malpractice action, plaintiff sues on her own behalf and as administratrix of the estate of her husband, Walter Ingram, and alleges in various causes of action that defendant's negligent treatment of her husband in January 1975 inflicted pain and suffering upon him while alive, and caused his eventual death and her own loss of consortium. The basis of defendant's motion was that the action is barred by the applicable two-year statute of limitations. Although Judge Curtin denied the motion, he certified his order under 28 U.S.C. § 1292(b), and a panel of this court granted leave to appeal. We affirm the order of the district court.

I

The relevant facts, for the purpose of this appeal, may be assumed to be as follows. Defendant Dr. Vijay S. Kumar, a neurosurgeon, treated plaintiff's decedent in Illinois from January 6 to January 13, 1975, and sometime thereafter moved to New York. On December 28, 1976, plaintiff commenced her action in the United States District Court for the Southern District of New York, by filing a summons and complaint with the Clerk of the court naming Vijaya N. Kumar as defendant. To locate defendant, plaintiff's counsel had consulted the New York State Medical Directory and found the name of Vijaya N. Kumar, a physician in Valhalla, New York, and thus believed this to be the proper spelling of defendant's name. When service of process was attempted on Vijaya N. Kumar, it was learned that this doctor had never treated plaintiff's decedent. Later investigation revealed a Dr. Vijay S. Kumar, residing in Jamestown, New York, who was served with the original complaint on May 6, 1977. On defendant's motion to dismiss the action for improper venue—Valhalla is in the Southern District, Jamestown in the Western—the action was transferred to the latter district. Defendant then filed an answer raising no affirmative defense, but two days later amended the answer to plead the statute of limitations. Defendant then moved for summary judgment and also to dismiss under Fed.R.Civ.Proc. 41(b) for plaintiff's alleged failure to prosecute, because plaintiff had not yet served a complaint upon defendant designating Vijay S. Kumar as defendant. Plaintiff then cross-moved under Fed.R.Civ.Proc. 15 to amend her complaint to change defendant's name

therein from Vijaya N. Kumar to Vijay S. Kumar.

The motions were argued before Judge Curtin, who ruled in favor of plaintiff in a nine-page, unreported memorandum opinion. On defendant's claim that plaintiff had failed to exercise due diligence in serving him, the judge exercised his discretion under Rule 41(b) and denied the motion to dismiss. With regard to defendant's motion for summary judgment based on the statute of limitations and plaintiff's cross-motion under Rule 15, the judge viewed plaintiff's motion "as one to correct a misnomer [rather] than as one to substitute parties." The judge granted plaintiff's motion and held that the amendment related back to the date on which the complaint was filed in December 1976. Under *Sylvestri v. Warner & Swasey Co.,* 398 F.2d 598 (2d Cir. 1968), the action therefore was not barred even though service on defendant was made after the two-year statutory period, and defendant's motion was denied.

## II

The questions thus posed seem deceptively simple, but the statement of at least 10 issues in appellant's brief on appeal and the plethora of cases wrestling with "relation back" amendments under Rule 15(c) suggest that a close look at the district court's action is warranted. The main attack on appeal is on our decision in *Sylvestri v. Warner & Swasey Co., supra,* written by then Chief Judge Lumbard and joined in by one member of this panel. In that case, we held that merely filing a complaint with the district court in a diversity action commences the action for the purpose of the statute of limitations even though under the law of the state in which the district court is locat-

ed, only service of process upon the defendant could achieve that result. The opinion contained a lengthy analysis of the effect of *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) on *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949) and concluded that "Rule 3, Fed.R.Civ.P. is the proper measure of the commencement of [the] action for purposes of the statute of limitations. . . ."[1] *Id.* at 606. Appellant claims that the decision in *Sylvestri* is inapplicable and that even if it does apply, it should be overruled as unconstitutional or unwise.

As a basis for distinction, appellant points out that in *Sylvestri,* the New York resident was the plaintiff, while here it is the defendant. We do not regard this distinction as significant. Defendant also emphasizes that the panel in *Sylvestri* noted that, unlike the situation here, "the defendant had actual notice of the action long before the three year [limitations] period under the New York statute expired." 398 F.2d at 606. This observation, however, was made in the context of a discussion of the plaintiff's duty under Fed.R.Civ.Proc. 4(a) to use due diligence in serving process upon a defendant after filing a complaint.

Asserting that *Sylvestri* represents a minority view in the federal courts,[2] appellant also vigorously urges us to overrule that decision primarily because it encourages forum shopping. This panel, of course, is bound by *Sylvestri* and cannot properly overrule it except by rehearing en banc. Moreover, our acceptance of its binding force is not grudging; we think the decision was correct for the reasons there given.[3] Finally, appellant claims that the

---

1. Rule 3 provides:

   A civil action is commenced by filing a complaint with the court.

2. The circuits are split on the issue. Compare *Witherow v. Firestone Tire & Rubber Co.,* 530 F.2d 160, 166 n.8 (3d Cir. 1976) and *Anderson v. Papillion,* 445 F.2d 841 (5th Cir. 1971) with *Smith v. Peters,* 482 F.2d 799 (6th Cir. 1973), cert. denied, 415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed.2d 886 (1974) and *Chappell v. Rouch,* 448 F.2d 446 (10th Cir. 1971).

3. *E. g.,* we stated at 398 F.2d 606:

   Application of Rule 3 definitely will not result in forum-shopping. A party first deciding to assert a claim after the expiration of the period prescribed by the New York statute of limitation will be precluded from doing so under the federal rule. On the other hand, one who is preparing to sue before the expiration of the statutory period will gain scant advantage from bringing the action in the federal court, particularly in view of the addi-

*Sylvestri* doctrine denies him due process and the equal protection of the laws. We note that a substantial number of states provide that the statute of limitations is tolled when the action is filed rather than when service is made on a defendant.[4] This includes Illinois, where defendant committed his allegedly negligent acts. See Ill. Ann.Stat. ch. 110, § 13; ch. 70, § 2 (Smith-Hurd); *Jackson v. Navik,* 17 Ill.App.3d 672, 308 N.E.2d 143, 145 (Ill.App.1974). Even in New York, as indicated in the quotation from *Sylvestri* in note 3 above, the statute of limitations may be tolled for 60 days by filing the summons and complaint with the Sheriff or with the County Clerk within the City of New York. New York Civ. Prac.Law § 203(b)(5) (McKinney Cum.Supp. 1977–78). We can find no case in which the constitutionality of these provisions has been seriously challenged, and we hold the claim of unconstitutionality to be without merit.

### III

We assume, then, that under ordinary circumstances, plaintiff tolled the running of the statute of limitations by filing her complaint in the Southern District on December 28, 1976, shortly before the end of the applicable two-year period. Appellant, however, stresses that the circumstances here were not ordinary, and claims that when a plaintiff has named the wrong defendant and the statute of limitations has run, plaintiff may not amend the complaint and the action is barred. Appellant also argues that in any event, the delay in serving the right defendant required dismissal under Rule 41(b) for failure to prosecute. Plaintiff responds that the inaccuracy in the complaint was a mere "misnomer" so that amendment under Rule 15(c) was entirely proper and that she used due diligence in serving the proper defendant.

Whether a "new" party may be added by amendment under Rule 15 after the statute of limitations has run is a subject on which much ink has been spilled by courts and commentators. Prior to 1966, courts had reached apparently ·inconsistent, and in some instances, seemingly harsh conclusions on similar fact patterns. See cases collected in 6 Wright & Miller, Federal Practice and Procedure § 1498, at 506 nn.83–84 (1971 & 1977 Supp.) and 3 Moore's Federal Practice ¶¶ 15.15[4. –1] to [4. –2] (1974 & 1977–78 Supp.). Rule 15(c) was amended in 1966 in an attempt to establish criteria that would lead to more uniform and equitable results. See Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I), 81 Harv.L.Rev. 356, 407–10 (1967). Rule 15(c) now provides, in pertinent part

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The first sentence of subsection (c) was unchanged by the amendment, and there is no doubt that the requirements of the first sentence were met here. The issue remains

---

tional sixty day grace period afforded by the New York statute. . . .

For favorable comment on the result in *Sylvestri,* see, *e. g.,* 2 Moore's Federal Practice ' 3.07[4. –3–1a], at 3–101, 3–111 to –113 (1978); Comment, Commencement of a Diver-

sity Action for Statute of Limitations Purposes, 37 Mo.L.Rev. 734 (1971).

4. See collection of cases in 27 A.L.R.2d 236, § 4 (1952 & Later Case Service (1970 & 1978 Supp.)).

as to the requirements of the second sentence, which was added in 1966.[5]

Appellant makes much of the coincidence that there actually were two Dr. Kumars, one of whom plaintiff attempted to serve shortly after the complaint was filed. From this, appellant argues that plaintiff intended to sue the wrong Dr. Kumar. Plaintiff rejoins that she obviously always meant to sue the Dr. Kumar who had treated her husband in Illinois, and that the minor mistake in spelling defendant's name was merely a "misnomer." Although plaintiff clearly has the better of this argument, we do not regard it as controlling, unless "misnomers" need not satisfy the criteria of the second sentence of Rule 15(c).

■ Some courts have held that mere "misnomers" can be corrected under the first sentence of subsection (c) and need not meet the requirements set forth in the second sentence for "changing the party." See, e. g, *Washington v. T.G. & Y. Stores Co.,* 324 F.Supp. 849, 856 (W.D.La.1971); *Wentz v. Alberto Culver Co.,* 294 F.Supp. 1327, 1328–29 (D.Mont.1969); *Fricks v. Louisville & Nashville R.R. Co.,* 46 F.R.D. 31, 32 (N.D.Ga.1968). See also 6 Wright & Miller, *supra,* § 1498 at 513–14; *Armijo v. Welmaker,* 58 F.R.D. 553 (D.Ariz.1973) (allowing correction of misnomer under Rule 15(a)). Such an interpretation is attractive in a case such as this where the equities lie with plaintiff and the language of the Rule poses a problem, as will be seen below. But

the history of the 1966 amendment to the Rule indicates to the contrary,[6] as does the weight of authority.[7] Moreover, such a distinction is not helpful in some situations. When, as here, the mistaken complaint names an actual person or entity in existence, it is not obvious whether the amendment corrects a "misnomer" or brings in a truly "new" party. Analysis of "relation back" under these circumstances is better accomplished through application of the specific guidelines in the second sentence of Rule 15, than by attempting to draw an arbitrary line between misnomers and changes of party. Thus, we conclude that an amendment merely correcting a "misnomer" is nonetheless one "changing the party against whom a claim is asserted."

■ In most "misnomer" cases, however, "the party to be brought in" by the amendment already knows before the amendment about plaintiff's claim and that plaintiff actually intended to assert it against him. For example, the plaintiff names a corporation in the complaint instead of a partnership and serves a partner, or incorrectly spells, in a minor detail, the name of a defendant who is served. See, e. g., *Boatman v. Thomas,* 320 F.Supp. 1079 (M.D.Pa. 1971); *Dunnan v. Innerst,* 50 F.R.D. 372 (M.D.Pa.1970). In such cases, the amendment should clearly be allowed under Rule 15(c). See, e. g., cases cited in 6 Wright & Miller, *supra,* § 1498 at 513 n.99, § 1499 at 516 n.14, 518–20 nn.17–21 (1971 & 1977

---

5. We have no problem in finding that Fed.R. Civ.Proc. 15(c) applies in federal courts notwithstanding a possibly more restrictive state practice. Strong federal policies underlie Rule 15(c). See e. g., 6 Wright & Miller, *supra,* § 1503 at 535. Application of the federal standards for relation back will not significantly impair state interests or encourage forum shopping. *Id.* Other circuits also have reached this conclusion. See, e. g., *Skidmore v. Syntex Laboratories, Inc.,* 529 F.2d 1244, 1249 (5th Cir. 1976); *Loudenslager v. Teeple,* 466 F.2d 249, 250 (3d Cir. 1972); *Crowder v. Gordon Transports, Inc.,* 387 F.2d 413, 415–17 (8th Cir. 1967).

6. The Advisory Committee's Note to Rule 15(c), 39 F.R.D. 82 (1966) states: "Rule 15(c) is amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (*including an amend-*

*ment to correct a misnomer or misdescription of a defendant* ) shall 'relate back' to the date of the original pleading." (Emphasis added).

7. In most situations courts simply assume that the second sentence of Rule 15(c) applies to misnomer amendments without discussing whether this is necessary. See, e. g., *Travelers Indemnity Co. v. United States ex rel. Constr. Specialties Co.,* 382 F.2d 103 (10th Cir. 1967); *Wynne v. United States ex rel. Midstates Waterproofing Co.,* 382 F.2d 699 (10th Cir. 1967); *Horwitt v. Longines Wittnauer Watch Co.,* 388 F.Supp. 1257, 1258–59 (S.D.N.Y.1975); *Mitchell v. Hendricks,* 68 F.R.D. 564, 566 (E.D. Pa.1975); *Davis Water & Waste Industries v. Jim Wilson, Inc.,* 67 F.R.D. 509 (E.D.Tenn. 1974); *Brittian v. Belk Gallant Co.,* 301 F.Supp. 478 (N.D.Ga.1969).

Supp.). In this case, however, the intended Dr. Kumar knew nothing of the attempted service upon the wrong Dr. Kumar, and did not get notice until he was served in May 1976, several months after the statute of limitations had run. The crucial question, therefore, is whether "within the period provided by law for commencing the action against him" defendant

> (1) . . . received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

We believe that the requirements of the Rule were met.

Although on its face the phrase, "within the period provided by law for commencing the action against him," seems to mean the applicable statute of limitations period, such a literal interpretation is unjustified in jurisdictions where timely service of process can be effected after the statute of limitations has run.[8] In those jurisdictions, even an accurately named defendant may not receive actual notice of the action against him prior to the running of the statute of limitations. Yet there is no doubt that the action against him is timely commenced. There is no reason why a misnamed defendant is entitled to earlier notice than he would have received had the complaint named him correctly. Calling the problem raised here a "curious but minor difficulty of interpretation . . . over the language of the rule referring to the limitations period," Professor (now Justice) Benjamin Kaplan, reporter for the Advisory Committee on Civil Rules, implicitly criticized a district court decision refusing relation back on facts somewhat similar to these. Kaplan *supra* at 410 & n.204.[9] Professor Kaplan noted the anomaly of dismissing an action, which "against the original defendant . . . would be considered timely brought despite the delayed service." *Id.* at 410 n.204.

■ We agree that such a result is anomalous and that it is not required by Rule 15(c).[10] This case presents an excellent situation for specific application of the Rule's general admonition that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.Proc. 15(a). If plaintiff's action would have been timely had her complaint correctly named Vijay S. Kumar, even though he had no notice until four months after expiration of the limitations period, then we think the minor misspelling of defendant's name should not alter this result. We hold that under Rule 15(c) the

---

**8.** This problem is not limited to circuits where the *Sylvestri* rule for diversity cases has been adopted. Even circuits which have held that state law governs commencement of the action in diversity cases will often face the problem since many states follow the approach of Fed. R.Civ.Proc. 3, see note 4 *supra,* and, in any event, the federal rule governs actions based on federal law. See, e. g., *Metropolitan Paving Co. v. Internat'l Union of Operating Engineers,* 439 F.2d 300, 306 (10th Cir.), cert. denied, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Jackson v. Duke,* 259 F.2d 3, 6 (5th Cir. 1958); 2 Moore's Federal Practice, *supra* note 3, ' 3.07 [4. –3–2] at 3–113 to 3–116.

**9.** The case discussed by Professor Kaplan was *Martz v. Miller Bros. Co.,* 244 F.Supp. 246 (D.Del.1965). There the plaintiff filed an action against Miller Brothers Company before expiration of the limitations period, but did not serve process until three days after the running of the limitations period. Shortly thereafter, it was discovered that the proper defendant was Miller Bros. Co. "of Newark," a separate but affiliated firm. Although the court assumed that service upon Miller Brothers Company after the statute of limitations had run was nevertheless timely, the court did not allow relation back of the amendment correcting the defendant's name because it did not have notice of the action prior to the running of the statute. However, the court questioned "whether this inconsistency . . . would not frequently defeat the purpose which the [amendment to the rule] was designed to serve," and suggested that the then proposed amendment be changed to extend the notice period to include the time allowed for service of process. 244 F.Supp. at 254 n.21.

**10.** In this context, we respectfully disagree with *Archuleta v. Duffy's Inc.,* 471 F.2d 33 (10th Cir. 1973) and *Simmons v. Fenton,* 480 F.2d 133 (7th Cir. 1973), the decisions principally relied on by defendant.

period within which "the party to be brought in" must receive notice of the action includes the reasonable time allowed under the federal rules for service of process.[11] We think this interpretation is permissible and desirable and carries out the beneficent purpose of the 1966 amendment.[12]

The key issue then is whether, had there been no attempt to serve the incorrect Dr. Kumar, service on the intended Dr. Kumar on May 6 would still have been timely under the federal rules governing service of process. If so, then the intended Dr. Kumar received notice "within the period provided by law for commencing the action against him." On the question whether plaintiff delayed so long in serving defendant that the latter's motion under Rule 41(b) had to be granted, Judge Curtin observed:

Although failure to serve the defendant within a reasonable time may, under some circumstances, constitute want of prosecution, *Messenger v. United States,* 231 F.2d 328 (2d Cir. 1956), as a practical matter prompt service cannot always be achieved. In this case, service was delayed because of an error in the caption adding an "A" to the defendant's first name, and substituting an "N" for an "S" as the defendant's middle initial. The error occurred because the defendant's highly unusual name, VIJAY S. KUMAR, was not listed in the New York State Medical Directory and a similar name, VIJAYA N. KUMAR, was. The plaintiff's attorney assumed that the Dr. V.

Kumar found listed in the Directory was the same Dr. V. Kumar who had treated the decedent. Although perhaps he could have gone to greater lengths to verify the spelling of the doctor's name, his assumption was not unreasonable. Once the error was discovered, the correct defendant was located and served. Although the lapse of several months between the time the error was discovered and the time the defendant was served has not been fully explained by the plaintiff, this delay in service was not so unreasonable as to justify dismissal of the claim.[1]

[1] At the same time that the defendant faults the plaintiff for misspelling his name, the defendant in his reply memorandum of law lists the defendant as VIJAYA N. KUMAN. The court cannot resist the opportunity to comment on the irony of this situation.

We need add little to these observations. More recent authority confirms that dismissal under Rule 41(b) is discretionary for the district court, see, e. g., *Finley v. Parvin Dohrmann Co.,* 520 F.2d 386, 390–92 (2d Cir. 1975); *Joseph Muller Corporation Zurich v. Societe Anonyme De Gerance Et D'Armament,* 508 F.2d 814, 815–16 (2d Cir. 1974). And Judge Curtin's exercise of discretion here was clearly not unreasonable.[13] We believe that defendant, therefore, did receive notice of plaintiff's claim "within the period provided by law for commencing the action against him," that the judge could properly hold that plaintiff's amendment did "relate back" under Rule 15(c), and that the statute of limitations did not bar the action.

Accordingly, we affirm the judgment of the district court.

11. For a thorough discussion of this issue, see generally, Note, Federal Rule of Civil Procedure 15(c): Relation Back of Amendments, 57 Minn. L.Rev. 83 (1972).

12. We can find no case in which we have squarely considered this construction of Rule 15(c). In *Evans v. United States Veterans Administration Hospital,* 391 F.2d 261 (2d Cir. 1968), cert. denied, 393 U.S. 1040, 89 S.Ct. 667, 21 L.Ed.2d 589 (1969) plaintiff sued a Veterans Administration hospital, but delayed over three and one-half years before attempting to serve process, clearly an unreasonable period. Plaintiff was not permitted to add the United States as a party because the United States had received no notice of the action within the applicable two-year statute of limitations.

13. Since the Rules do not specify a time period within which process must be served, courts have based decisions on timeliness of service under Rules 4(a) and 41(b) on whether plaintiff acted diligently to obtain service of process and whether the delay prejudiced the defendant. Delays of a few months generally have been excused where, as here, the evidence showed a valid reason for the delay and that plaintiff was not engaging in dilatory tactics. See, e. g., *H. Alpers & Assocs. v. Omega Precision Hand Tools, Inc.,* 62 F.R.D. 408, 411–12 (1974); 4 Wright & Miller, Federal Practice and Procedure § 1086 (1969).