Alexander DAVIS, Plaintiff,

v.

Police Officers Jurgen KRAUSS et al., Defendants.

No. 79 C 1214.

United States District Court,
E. D. New York.

Oct. 24, 1979.

Alexander Davis, pro se.

Allen G. Schwartz, Corp. Counsel, New York City (Evelyn Jonas, Brooklyn, N.Y., of counsel), for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action under 42 ·U.S.C. § 1983, alleging that defendant police officers used excessive force in effecting his arrest on January 26, 1978 for armed robbery.

On April 4, 1979 plaintiff filed a *pro se* complaint in the Southern District of New York, naming as defendants "Guy Krauss" and "H. McSrunnez". Because these names were incorrect, the Marshal was unable to serve defendants. On April 27, 1979 Judge Pierre N. Leval determined that, although venue was improper, transfer to the proper district was in the interests of justice. He therefore transferred the case to this district in accordance with 28 U.S.C. § 1406(a). This court then deemed the complaint amended to name defendants who were served on June 29, 1979. Defendants now move to dismiss the action as untimely.

■ First the court must determine what statute of limitations period is applicable. Since Congress has not provided a limitations period for § 1983 actions, the applicable period is that which would have been applied had an action seeking similar relief been brought in state court. *Swan v. Board of Education of City of New York*, 319 F.2d 56, 59 (2d Cir. 1963). *See also Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). In § 1983 actions federal courts sitting in New York have generally applied N.Y.C.P. L.R. § 214(2), which provides a three year period for actions to "recover upon a liability, penalty or forfeiture created or imposed by statute." *See, e. g., Meyer v. Frank*, 550 F.2d 726, 729 (2d Cir. 1977).

Defendants maintain, however, that in a § 1983 action against police officers the most appropriate statute is not § 214(2) but

rather the more specific provisions of the New York General Municipal Law. Section 50–j(1) of that law provides that municipalities shall indemnify police officers for negligent acts or torts committed while acting in the performance of their duties and within the scope of their employment. When these indemnification provisions apply, § 50–j(3) requires that the action be treated as an action against a municipality. Actions against municipalities are in turn governed by § 50–i, which establishes a one year and ninety day limitations period.

There is no reason in policy why § 50–i should not apply as one and a third years is not an unreasonably short period. *See Sanabria v. Village of Monticello,* 424 F.Supp. 402 (S.D.N.Y.1976). *Cf. Regan v. Sullivan,* 557 F.2d 300, 306–07 & n.7 (2d Cir. 1977).

Previous cases have applied special shorter limitations periods instead of N.Y.C.P. L.R. § 214(2). The one year statute of limitations provided by N.Y.C.P.L.R. § 215(1) to bring an action against certain officials was used in a civil rights action against a sheriff in *Paschall v. Mayone,* 454 F.Supp. 1289 (S.D.N.Y.1978). In *Fine v. City of New York,* 529 F.2d 70, 76 (2d Cir. 1975), the Second Circuit found that § 50–i provided the appropriate limitations period in an action against a municipality founded directly upon the Fourteenth Amendment.

■ Although this court holds that the limitations period of § 50–i is applicable, the ninety day notice of claim provision also contained in § 50–i is not valid in a civil rights action. If applied, such a notice of claim provision would substantially interfere with the exercise of an important federal right. *See, e. g., Paschall v. Mayone,* 454 F.Supp. 1289, 1297–98 (S.D.N.Y.1978); *Glover v. City of New York,* 401 F.Supp. 632, 635 (E.D.N.Y.1975); *Carrasco v. Klein,* 381 F.Supp. 782, 787 & n. 12 (E.D.N.Y. 1974); *Laverne v. Corning,* 316 F.Supp. 629, 636–37 (S.D.N.Y.1970).

■ Since plaintiff filed the complaint within one year and ninety days, the action was timely commenced. In an action created by federal law, federal practice determines when tolling takes place, and under federal law, it is the filing of the complaint which tolls the statute of limitations. *See* Fed.R.Civ.P. 3. *See also Bomar v. Keyes,* 162 F.2d 136, 140 (2d Cir. 1947).

■ Contrary to defendants' argument the filing of the complaint even in a court where venue is improper tolls the statute of limitations, and the action is timely when subsequently transferred to a court of proper venue pursuant to 28 U.S.C. § 1406(a). *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d Cir. 1978).

Defendants also urge that the action is not timely because the original complaint did not properly name defendants Krebs and Krauss and the amended complaint, filed after the statute had expired, should not relate back to the original pleading.

Under Rule 15(c) of the Federal Rules of Civil Procedure an amendment relates back to the date of the original pleading "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." This requirement is clearly met in the instant case. When, however, the amendment seeks to change a party against whom a claim is asserted, it will relate back only if two additional requirements are met:

An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Although some courts have held that the correction of a misnomer need only meet the same transaction requirement of Rule

15(c), the Second Circuit has held that all amendments affecting the designation of parties must satisfy the second part of Rule 15(c). *Ingram v. Kumar*, 585 F.2d 566, 570 (2d Cir. 1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979).

In this case, neither Krebs nor Krauss was actually served until two months after the statute of limitations had expired. However, the Second Circuit has held that in jurisdictions in which timely service of process can be effected after the statute of limitations has run, the phrase "within the period provided by law for commencing the action" should be construed to include the reasonable time allowed under the Federal Rules for service of process. Since personal service two months after the statute had run would have been timely, the court finds that defendants Krebs and Krauss received notice "within the period provided by law for commencing the action." *Ingram v. Kumar*, 585 F.2d at 571–72.

■ Since defendants have alleged no way in which they were prejudiced by the delay in service, it remains only to consider the knowledge requirement. "Guy Krauss" plainly referred to Jurgen Krauss and therefore defendant Krauss should have known that but for plaintiff's mistake, the action would have been brought against him. This element is also satisfied with respect to defendant Krebs. Because the incident upon which plaintiff's claim is based involved both defendants, defendant Krebs should have known that he would have been named as a defendant but for a mistake on plaintiff's part. Accordingly, this court finds that the amended complaint relates back to the original pleading and that the action is therefore timely.

■ Finally, defendants claim that the complaint should be dismissed because they were not personally served until approximately three months after the complaint was filed. Under Rule 3 of the Federal Rules of Civil Procedure the filing of the complaint commences an action. Rule 4(a) provides that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the mar-

shal." Defendants in effect claim that to toll the statute of limitations it is not enough merely to file the complaint but service of the summons must also be made "forthwith". It is not necessary to reach the issue, since a three month delay by a *pro se* plaintiff who is also an inmate certainly constitutes due diligence. So ordered.