SWANN OIL, INC., Plaintiff,

v.

M/S VASSILIS, her engines, tackle, apparel, etc., et al., Defendants.

No. 77–0064–CIV–7.

United States District Court,
E. D. North Carolina,
Wilmington Division.

Aug. 28, 1981.

Daniel L. Brawley, Wilmington, N. C., for plaintiff.

John R. Newton, Wilmington, N. C., for defendants Cappadocia Maritime Co., Ltd. and Benitses Shipping Corp.

George T. Clark, Jr., Wilmington, N. C., for defendant Lavino Shipping Co.

L. J. Poisson, Jr., Wilmington, N. C., for defendant BP Tanker Ltd. of London.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This case is before the court on the motion to dismiss of the defendant Benitses Shipping Corp. The motion presents the question of whether the requirement of the relation back provision of Fed.R.Civ.P. 15(c), that notice be received within the period provided by law, includes the "reasonable time" allowed under Fed.R.Civ.P. 3 for service of process.

This is a proceeding in admiralty arising under the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1300 et seq. The plaintiff, Swann Oil, Inc., filed its complaint on September 3, 1977 against the vessel, M/S Vassilis, the company the plaintiff believed to own the vessel, Cappadocia Maritime Co., Ltd., and BP Tanker Company. The complaint alleged, inter alia, that the defendants delivered a cargo of fuel oil belonging to plaintiff to the port of Southport, North Carolina, rather than to the port of Norfolk, Virginia, to which the oil was intended to be delivered, and that defendants allowed the oil to become contaminated in transit. The defendants loaded the oil at Aruba, Netherland Antilles, on September 2, 1976, and discharged it at Southport on September 6, 1976.

Cappadocia moved to dismiss on April 26, 1978, proffering the affidavit of Evangelos Korialos, an officer of the firm, which stated that, Cappadocia was not the owner of the M/S Vassilis at the time of the events alleged. By amended complaint filed August 8, 1978, plaintiff sought to add Benitses, the actual owner of the Vassilis at the time of the events alleged in the complaint, as a defendant. Nine months after the filing of the amended complaint, on April 30, 1979, Benitses moved to dismiss, arguing that the complaint against it was not timely.

Section 3 of COGSA, 46 U.S.C. § 1303(6), provides " . . . the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods . . ." The oil was delivered on September 6, 1976; the complaint against Benitses was not filed until August 8, 1978, almost two years later. Thus, unless the relation back provision of Fed.R.Civ.P. 15(c) is applicable, the complaint is barred by the statute of limitations.

Three prerequisites must be met before Rule 15(c)[1] relates the amendment back to the time of the original pleading. First, the amended complaint must arise from the same events as underlie the original claim. Second, the party added by the amendment must receive, "within the period provided by law for commencing the action against him," such notice of the com-

---

1. Fed.R.Civ.P. 15(c) provides as follows:

   (c) Relation Back of Amendment. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

mencement of the action that he will not be prejudiced in depending on the merits. Third, within the same time constraints, the new party must have or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Rule 15(c)'s first prerequisite clearly is met. The amended complaint in essence changes only the names of the defendants.

The second requirement is met if the named original defendant and the party the plaintiff intended to sue have an "identity of interest":

> Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.

6 Wright and Miller, *Federal Practice and Procedure* § 1499 at 517 (1971).

■ The plaintiff need not show that the two corporations are identical, or are parent and subsidiary, or are predecessor and successor. *Bernstein v. Uris Building Corp.*, 50 F.R.D. 121, 122 (S.D.N.Y.1970). Rather, the plaintiff needs only to show that the two corporations are sufficiently interrelated so that notice of an action to one would serve as notice to the other. *Staren v. American National Bank & Trust Co.*, 529 F.2d 1257, 1263 (7th Cir. 1976).

While Cappadocia and Benitses are separate and distinct corporations, they are sufficiently interrelated so that notice of this action to Cappadocia served as notice to Benitses. Interrogatory answers establish that the two corporations share some of the same officers, shareholders, and directors. They show that the president of Benitses, Korialos, is also a director of Cappadocia. All of the officers of Benitses are among the owners of Cappadocia. Notice of this action to the directors of Cappadocia, some of whom were also directors and officers of Benitses, concerning the Vassilis, a vessel sold by Cappadocia to Benitses in May, 1976, was sufficient to serve as notice of the action to Benitses.

The third prerequisite is closely related to the second. Requiring that the party to be added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]" insures that the defendant all along knew that joinder was a possibility. *Taliferro v. Costello*, 467 F.Supp. 33, 36 (E.D.Pa.1979). Professors Wright and Miller state that,

> the courts probably will apply something akin to a reasonable man test to determine whether the party 'should have known' he was the one intended to be sued.

6 Wright and Miller, *supra*, § 1498 at 515. *See also Ratcliffe v. Insurance Co. of North America*, 482 F.Supp. 759, 763 (E.D.Pa. 1980). Benitses, having notice that Cappadocia was being sued as the owner of the Vassilis, was aware that it was the owner of the Vassilis at the time in question and that Swann would have named Benitses as a defendant but for its mistaken belief regarding the vessel's ownership.

■ The most difficult question posited by Rule 15(c) is that conditions two and three be met "within the period provided by law for commencing the action . . . ." The original action was filed within COGSA's one-year limitation period. Cappadocia was served with process more than one year after the events giving rise to the complaint occurred. Fed.R.Civ.P. 3 provides that an action is commenced when the complaint is filed, and filing serves to toll the statute of limitations. See 4 Wright and Miller, *supra*, § 1056, at 177. Thus, while Cappadocia did not have actual notice of the action one year after the oil was discharged, the action was timely as the statute of limitations was tolled by filing. Notice to Cappadocia served as notice to Benitses, as a result of their substantial identity of interests. The sole question remaining then, is whether Benitses received notice " . . . within the period provided by law for commencing the action . . . " against it.

The cases addressing this issue are divided. Some courts have held that the additional defendant must have received actual

notice of the action before the expiration of the limitations period, even in jurisdictions where filing tolls the statute. *Archuleta v. Duffy's, Inc.*, 471 F.2d 33 (10th Cir. 1973); *Simmons v. Fenton*, 480 F.2d 133 (7th Cir. 1973); *Tretter v. Johns-Manville Corp.*, 88 F.R.D. 329 (E.D.Mo.1980); *Holden v. R. J. Reynolds Industries, Inc.*, 82 F.R.D. 157 (M.D.N.C.1979). Other courts have held that the period in which notice must be received includes the reasonable time allowed under the Federal Rules or under applicable state law for service of process. *Ingram v. Kumar*, 585 F.2d 566 (2d Cir. 1978), *cert. denied* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *Mitchell v. Hendricks*, 68 F.R.D. 564 (E.D.Pa.1975); *Davis v. Krauss*, 478 F.Supp. 823 (E.D.N.Y. 1979); *Clark v. Southern Railway Co.*, 87 F.R.D. 356 (N.D.Ill.1980). The issue has not been reached by the Fourth Circuit.

■ This court is of the opinion that the better view is that expressed by the Second Circuit in *Ingram v. Kumar, supra.* In *Ingram*, the court held that the Rule 15(c) requirement that notice be received within the period provided by law for commencing an action includes the reasonable time allowed for service of process. In so holding, the court noted that it avoided the anomaly of a misnamed defendant being entitled to earlier notice than he would have received had the complaint named him correctly.

Holding that the Rule 15(c) period in which an action may be brought includes any reasonable time for service allowed by federal or local law does not adversely affect the new party. The new party is adequately protected by the requirements that the same events be involved, that the new party have actual notice such that he is not prejudiced and that he be aware or should be aware of the mistake. These requirements are intended to put the new party in as good a position as had he been named originally. There is no indication that Rule 15 is designed to give the new party an advantage he otherwise would not have had.

Further, the Second Circuit's approach is consistent with Rule 15(a)'s admonition that courts should grant leave to amend freely. It also is consistent with the policy of liberally construing the Rules:

" 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80. The Rules themselves provide they are to be construed 'to secure the just, speedy and inexpensive determination of every action.' " Rule 1.

*Forman v. Davis*, 371 U.S. 178, 181–182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

The court holds that the defendant Benitses was notified of the action within the period allowed by law for commencing an action. Consequently, the amended complaint against Benitses relates back under Rule 15(c) and the action is not barred by the statute of limitations. The motion to dismiss is denied.