**A. B. VOLVO, Plaintiff,**

v.

**The M/V ATLANTIC SAGA, her engines, boilers, etc., and Intercontinental Transport (ICT) B.V., Defendants.**

No. 81 Civ. 6741(MP).

United States District Court,
S. D. New York.

March 19, 1982.

Mendes & Mount by Louis M. Rohrberg, New York City, for plaintiff.

Dickerson, Reilly & Mullen by Robert W. Mullen, New York City, for defendants.

MILTON POLLACK, District Judge.

Defendant M/V Atlantic Saga moves pursuant to Fed.R.Civ.P. 56 for an order dismissing the complaint against it on the ground that the complaint is barred by the applicable one year statute of limitations under the Carriage of Goods by Sea Act, 46 U.S.C. § 1303(6) ("COGSA"). Plaintiff A. B. Volvo ("Volvo") opposes the motion and cross-moves pursuant to Fed.R.Civ.P. 15 for leave to amend its complaint to add a party—Intercargo A/B ("Intercargo"). For the reasons stated hereafter, both motions will be granted.

Jurisdiction is predicated on this Court's Admiralty and Maritime jurisdiction, 28 U.S.C. § 1333.

FACTS

On February 14, 1978, plaintiff, a foreign corporation with an office and place of business in Sweden, delivered 14 unboxed Volvo cab chassis units and 866 unboxed Volvo automobiles to Intercargo, a common carrier, to be shipped aboard the defendant M/V Atlantic Saga from Sweden to the Port of Elizabeth, New Jersey. Plaintiff in its papers at one time contended that bills of lading were not issued, but at oral argument conceded that the contract for carriage between Intercargo and plaintiff stated on its face, and was in fact governed by, the terms of Intercargo's bill of lading.

The M/V Atlantic Saga arrived in New Jersey on February 25, 1978. When the cargo was discharged, plaintiff discovered that a number of cars and chassis units were damaged, and informed Intercargo of the same. On November 6, 1978, Intercargo notified plaintiff that it would pay $2,294.65 in "full and final settlement" of the plaintiff's claim concerning damage to some of the cars but disclaimed liability as to the damage to 34 other cars and the 14 chassis units.

Settlement negotiations then took place between plaintiff and its underwriters and Intercargo and its agent, Motorships, Inc. ("Motorships"). In the meantime a number of extensions to sue were granted. The first was granted by Intercargo to Volvo on January 18, 1979, up until August 25, 1979. Thereafter Motorships, as agent for Intercargo, granted an unbroken chain of extensions until November 25, 1981. These extensions were granted to Toplis & Harding, plaintiff's claim adjustor in the matter.

Plaintiff filed suit on November 2, 1981 for the damage to the cargo.[1] Plaintiff inadvertently named Intercontinental Transport (ICT) B.V. as the charterer and served ICT directly at its office on November 10, 1981. ICT forwarded the summons and complaint to Atlantic Container Lines (ACL) because the vessel, the M/V Atlantic Saga, is owned by a Line in the ACL group. ACL forwarded the papers to Motorships on December 14, 1981, which in turn sent them to defense counsel for defendant M/V Atlantic Saga on December 17, 1981.

ICT was dropped from the suit on January 21, 1982.

DEFENDANT M/V ATLANTIC SAGA's MOTION TO DISMISS THE COMPLAINT

■ Defendant M/V Atlantic Saga correctly argues that the extensions granted by Motorships to plaintiff do not bind it as it in no manner authorized Motorships to grant extensions on its behalf. Waivers of

---

1. Though plaintiff's complaint was not specific on this point, plaintiff now asserts that it is suing only for the damage to the 34 cars and 14 chassis units for which Intercargo disclaimed liability.

COGSA's one year limitary bar are to be strictly construed. *See, e.g., United Fruit Co. v. J.A. Folger & Co.*, 270 F.2d 666, 670 (5th Cir. 1959), *cert. denied*, 362 U.S. 911, 80 S.Ct. 682, 4 L.Ed.2d 619 (1960) ("it is in the interests of all shippers and all carriers that when a steamship company grants an extension of the time for suit, in writing, before the running of the statute, specifically limited to a fixed and reasonable time, that the parties be able to rely on the terms of their agreement."). *See also Italia Assicurazion, S.P.A. v. S/S "St. Olga", St. Olga Maritime Co., Ltd.*, 1974 A.M.C. 2209 (S.D. N.Y.1974), in which Judge MacMahon refused to apply an extension granted by the defendants to a party not named in the extensions.

█ While plaintiff originally argued that COGSA did not apply as no bills of lading were issued, plaintiff's counsel conceded at the hearing that the contract for affreightment between Intercargo and plaintiff was specifically subject to Intercargo's bill of lading. Therefore, under the terms of the statute itself, COGSA applies, 46 U.S.C. § 1300, including COGSA's one year statute of limitations, § 1303(6).[2] As more than one year has expired from the time of delivery, February 25, 1978, until the filing of the complaint on November 2, 1981, the suit against defendant M/V Atlantic Saga must be dismissed.

## PLAINTIFF'S MOTION TO AMEND

█ As previously set forth, plaintiff inadvertently named and served the wrong party as charterer, ICT, on November 10, 1981. The summons and complaint were received by Motorships on December 14, 1981. The parties do not dispute that Motorships is Intercargo's agent for purposes of service of process.

The last extension granted to plaintiff expired on November 25, 1981. Thus Motorships, as agent for Intercargo, learned of the suit against Intercargo about three weeks after the time for filing suit against Intercargo had expired. The question is whether plaintiff should now be permitted to amend the complaint to name Intercargo as a defendant and have that amendment relate back to the time of the filing of the original complaint.

Fed.R.Civ.P. 15(c) reads:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action against him, the party brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake* concerning the identity of the proper party, *the action would have been brought against him.* (Emphasis supplied)

In *Ingram v. Kumar*, 585 F.2d 566 (2d Cir. 1978), *cert. denied* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), the Court of Appeals for the Second Circuit held that under Rule 15(c), a party could add a defendant who did not have notice of the suit against him until almost four months after the statute of limitations had run. The Court reasoned that as a suit commences under the Federal Rules upon the filing of a complaint, and as the service of summons can properly be made and notice given after the statute of limitations has run if service is made within a reasonable time after the complaint is filed, it would be unfair to hold that the running of the statute of limitations automatically bars the addition of a new defendant.[3] Rather, a Court should

---

**2.** It should also be noted that Intercargo's bill of lading, ¶ 19, also sets forth a limitary period of one year from the date of delivery of the goods.

**3.** The Court of Appeals possibly might re-examine its holding in *Ingram* with respect to diversity cases in light of *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), which held that state law,

allow the addition of a new defendant if service upon that defendant took place a reasonable time after the complaint was filed.

Although on its face the phrase, "within the period provided by law for commencing the action against him," seems to mean the applicable statute of limitations period, such a literal interpretation is unjustified in jurisdictions where timely service of process can be effected after the statute of limitations has run. In those jurisdictions, even an accurately named defendant may not receive actual notice of the action against him prior to the running of the statute of limitations. Yet there is no doubt that the action against him is timely commenced. There is no reason why a misnamed defendant is entitled to earlier notice than he would have received had the complaint named him correctly.... We hold that under Rule 15(c) the period within which "the party to be brought in" must receive notice of the action includes the reasonable time allowed under the federal rules for service of process. *Id.* at 571–72. (footnotes omitted)

Accordingly, the question is whether service upon Intercargo's agent on December 14, 1981 was made a reasonable time from the filing of the original complaint on November 2, 1981, under the federal rules governing service of process. In *Ingram, supra,* at 572, quoting from the District Court opinion, the Court held that service on the defendant more than four months after the complaint was filed was "not so unreasonable as to justify dismissal of the claim" (footnote omitted). Here service was made only about six weeks after filing of the complaint. Furthermore, Intercargo had long been negotiating the claim with plaintiff and was thus for some time well aware of the possibility of a suit. It had a sufficient opportunity to gather the facts and evidence necessary to defend itself and at this stage, presumably did so. It would

and not federal law, controls the question of when a suit commences (i.e. filing of complaint or service of summons). However, that does not affect the instant case which is brought

not be at all inequitable to hold that plaintiff may amend its complaint to add Intercargo, and that that amendment might relate back to the time of filing of the original complaint. Indeed, on these facts, it would be inequitable to hold that plaintiff is barred from suing Intercargo. The notice and other requirements of Rule 15(c) are amply satisfied.

Accordingly, defendant M/V Atlantic Saga's motion to dismiss the complaint against it pursuant to Fed.R.Civ.P. 56 is granted. Plaintiff's motion for leave to amend its complaint pursuant to Fed.R. Civ.P. 15 to add Intercargo as a defendant is granted.

SO ORDERED.

under federal Admiralty law. *See Ingram, supra,* at 571, n.8, "in any event, the federal rule governs actions based on federal law."