UNITED STATES of America for the Use and Benefit of ARROW ELECTRONICS, INC., Plaintiff,

v.

G.H. COFFEY CO., INC. and Sentry Insurance, A Mutual Company, Defendants.

No. Civ. 80–1162–B.

United States District Court, D. Maine.

Dec. 15, 1983.

**414**

John W. McCarthy, Edith A. Richardson, George F. Terry, IV, Rudman & Winchell, Bangor, Me., for plaintiff.

David N. Ott, York, Me., for G.H. Coffey Co., Inc.

Peter J. Rubin, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for Sentry Ins.

## MEMORANDUM DECISION ON MOTION FOR SUMMARY JUDGMENT

CYR, District Judge.

Defendant, Sentry Insurance, A Mutual Company [Sentry], moves for summary judgment on the amended complaint brought by Arrow Electronics, Inc. [Arrow]. Arrow's complaint, brought under the Miller Act, 40 U.S.C. § 270b(a), seeks payment for materials supplied to defendant G.H.

Coffey Co. [Coffey] between April 23 and August 17, 1979 at the Naval Communications Unit at Cutler-East Machias, Maine. The complaint alleges that Sentry acted as surety under a payment bond executed by Coffey and furnished to the United States under 40 U.S.C. § 270a.

Section 270b(a) of the Miller Act affords unpaid contractors and materialmen who have furnished labor or materials in construction projects of the United States the right to sue on payment bonds which contractors must provide to the United States pursuant to 40 U.S.C. § 270a. Section 270b(b) expressly provides that any suit brought under section 270a must be instituted within "one year after the day on which the last of the labor was performed or material was supplied . . . ." 40 U.S.C. § 270b(b).[1] Section 270b provides for a federal cause of action, prescribes the scope of the remedy, and mandates that the substantive rights of the parties are to be governed by federal and not state law. *F.D. Rich Co., Inc. v. U.S. for the Use of Industrial Lumber Co.*, 417 U.S. 116, 127, 94 S.Ct. 2157, 2164, 40 L.Ed.2d 703 (1974).

Considering the record in the light most favorable to the plaintiff, *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962), and indulging in all reasonable inferences favorable to the plaintiff, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Emery v. Merrimack Valley Wood Product, Inc.*, 701 F.2d 985, 986 (1st Cir.1983), the following facts appear.

Arrow's original complaint naming Coffey and "Sentry Insurance Company" as defendants was filed on August 5, 1980. Neither party disputes that the complaint was filed within the one-year limitations

---

1. There is a dispute as to the exact day on which the statute began to run. Arrow apparently contends that the statute is triggered when the material was delivered to the jobsite. Sentry argues that the term "supplied" should be given its ordinary meaning and that it does not necessarily require delivery of the materials to the jobsite or use of the materials in the performance of the work. Clearly, this issue would be critical to determining whether Sentry had notice of Arrow's suit within the one-year statute of limitations. However, because the Court finds that Arrow's amended complaint relates back to the filing of the original complaint, it is unnecessary to decide whether "supplied" includes a reasonable time for delivery.

period. On August 12, 1980 a copy of the complaint was forwarded by Arrow to the United States Marshal in Madison, Wisconsin for service on Sentry through the Wisconsin Insurance Commissioner. By letter dated August 25, 1980, the United States Marshal's service in Portland, Maine informed Arrow that the Wisconsin Insurance Commissioner had refused to accept service because Sentry Insurance Company no longer existed. The letter indicated that the correct name was either "Sentry Insurance, A Mutual Company," or "Sentry Indemnity." (Affidavits of John McCarthy, Esquire, dated January 28, 1982, July 13, 1982). On October 10, 1980 Arrow filed an amended complaint changing the previous designation of Sentry to "Sentry Insurance, A Mutual Company." Service was effected on October 28, 1980 through the Maine Superintendent of Insurance.

Arrow does not deny that actual service was effected after the one-year statute of limitations had run. Instead, Arrow argues that under Rule 15(c) of the Federal Rules of Civil Procedure the amended complaint correctly naming Sentry should relate back to August 5, 1980, the date the original complaint was filed. Rule 15(c) permits an amendment adding or changing a party to relate back to the date of the original pleading, provided that:

within the period provided by law for commencing the action.., the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

F.R.Civ.P. 15(c).[2]

Relying on the Second Circuit Court of Appeals decision in *Ingram v. Kumar,* 585 F.2d 566 (2d Cir.1978), *cert. denied* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), Arrow argues that service of the amended complaint on Sentry was sufficient notice under Rule 15(c). In *Ingram,* the plaintiff had filed her complaint within the applicable limitations period but had named and served the wrong defendant. Upon discovering the error, plaintiff amended her complaint and served the correct defendant three months beyond the limitations period. It was undisputed that prior to being served the correct defendant did not have any notice of the suit. Finding that the amended complaint related back, the *Ingram* court held that "the period within which 'the party to be brought in' must receive notice of the action includes the reasonable time allowed under the federal rules for service of

2. In its entirety Rule 15(c) reads:

*Rule 15. Amended and Supplemental Pleadings*

(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

An amendment to correct a misnomer or misdescription of a defendant is clearly "changing the party" within the meaning of Rule 15(c). *See* The Advisory Committee's Note to Rule 15(c), 39 F.R.D. 82 (1966). Sentry correctly notes that under certain circumstances the correction of a misnomer is permitted without regard to the special requirements contained in the second sentence of the Rule. However, where this has been permitted the proper defendant was served and before the court when the plaintiff moved to amend the complaint. *See* Wright & Miller, *Federal Practice and Procedure:* Civil § 1498 at 513–14, *and cases cited therein.* Here, Sentry had not been served and was not before the Court when Arrow moved to amend its complaint.

process."[3] *Id.* at 572. The court reasoned that because an action can be timely commenced against a correctly identified defendant even though the defendant was not served until after the limitations period had run, there is no reason why a misnamed defendant is entitled to earlier notice than he would have received had the complaint named him correctly. *Id.* at 571.

Sentry contends that by its express terms the notice requirement of Rule 15(c) was satisfied only if Sentry received actual notice of the commencement of the suit by Arrow no later than August 18, 1980, or "one year from the day after the date on which the last of the . . . material was supplied . . . ." 40 U.S.C. § 270b(b).[4] Sentry argues that any other application of the notice requirement would eviscerate the policy of preclusion underlying statutes of limitations and would distort and render nugatory the plain meaning of Rule 15(c).[5] *See Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cir.1980); *Archuleta v. Duffy's, Inc.,* 471 F.2d 33, 35 (10th Cir.1973).

The Second Circuit's interpretation of Rule 15(c) eliminates the uneven treatment of incorrectly identified parties and encourages a more uniform application of the federal pleading rules generally. By accommodating within the notice period the reasonable time allowed for service of process, the courts are permitted a more flexible approach to the relation back of amendments in circumstances where an overly mechanical application of Rule 15(c) would produce unduly harsh results. In addition, a flexible interpretation effectuates the underlying policy of the federal rules, that of facilitating the consideration of cases on their merits. *See Ratcliffe v. Insurance Company of North America,* 482 F.Supp. 759, 762 (E.D.Pa.1980).

*Ingram* is not correctly read as artificially extending the statute of limitations. Nothing in *Ingram* alters the basic requirement that the action must be commenced within the limitations period. Rule 3 provides that "[a] civil action is commenced by filing a complaint with the court." F.R. Civ.P. 3.

The central issue under Rule 15(c) is whether the notice of the action is adequate to avoid prejudice to the party to be brought in by amendment "in maintaining his defense on the merits," F.R.Civ.P. 15(c). "The sufficiency of the notice must be evaluated in light of the policy objectives of the statute of limitations, i.e., to avoid undue surprise, to permit investigation and collection of evidence while it is fresh and other similar considerations." *Kirk v. Cronvich,* 629 F.2d 404, 408 (5th Cir.1980). Sentry has not identified any respect in which the delay, between the running of the statute of limitations on August 18, 1980 and service of the amended complaint on October 28, 1980, has affected Sentry's ability to investigate the factual circumstances surrounding construction at the Naval Communication Unit, or to collect evidence. Both Sentry and Arrow have already undertaken extensive discovery and are in a posture to litigate the suit on the merits.[6]

Under *Ingram* process must be served within a reasonable time. New Rule 4(j) requires that the summons and complaint must be served upon a defendant

---

3. Although *Ingram* was a diversity case, its holding is yet more appropriate where the cause of action is based on federal law. *See Ingram v. Kumar,* 585 F.2d at 571 n. 8.

4. Notice may be informal or constructive, as well as actual. *See Kirk v. Cronvich,* 629 F.2d 404, 408 (5th Cir.1980) (notice through agent). *See also* Wright & Miller, *Federal Practice and Procedure:* Civil § 1498, at 509.

5. Sentry argues that the First Circuit's decision in *Hernandez Jiminez v. Calero Toledo,* 604 F.2d 99, 102–03 (1st Cir.1979), implicitly requires that notice be received within the applicable limitations period. The issue before the court in *Hernandez Jiminez* was whether there was an identity of interests, between the original defendant and the defendant sought to be brought in, which was sufficient to establish the requisite knowledge. The timeliness of the notice was not reached.

6. By a Consent Order filed May 10, 1982 Arrow was granted judgment against Coffey for the unpaid balance of the contract. The only remaining issue is whether Arrow's amended complaint relates back.

within 120 days after the filing of the complaint or be subject to dismissal.[7] Even within this 120-day period, timeliness of service is measured against plaintiff's diligence in obtaining service and whether the delay prejudiced the defendant, with delays of only a few months generally excused where the evidence demonstrates a valid reason for the delay and where the plaintiff was not engaging in dilatory tactics. *See Ingram v. Kumar*, 585 F.2d at 572 n. 13.

■ Here, service on Sentry was delayed because Arrow incorrectly designated Sentry as Sentry Insurance Company. The affidavits submitted by Arrow describing the events preceding Arrow's motion to file an amended complaint clearly show that the delay was reasonable and not the result of dilatory tactics or lack of due diligence on Arrow's part. The first indication Arrow had of its error was the August 25, 1980 letter from the United States Marshal's Service in Portland, Maine, informing Arrow that the Wisconsin Insurance Commissioner would not accept service on Sentry.[8] Shortly thereafter counsel for Arrow requested a copy of the payment bond from Arrow. Although Arrow claims it never had a copy of the bond it did produce a letter from "the surety," requesting verification of certain financial information provided to Sentry by Coffey. (Affidavit of Carl R. Gibbs, Credit Manager, Arrow Electronics, Inc., dated July 18, 1983). The letter to Arrow was stamped "SENTRY INSURANCE, BOND DEPT. RTE # 2, CONCORD, MA 01742," and was signed "SENTRY INSURANCE OF STEVENS POINT, WISCONSIN." In an apparent effort to resolve the uncertainty over the correct designation of Sentry, counsel for Arrow contacted the Maine Superintendent of Insurance on September 16, 1980 and was informed that Sentry Insurance, A Mutual Company, and Sentry Indemnity were both licensed to do business in Maine. By letter dated September 17, 1980, counsel for Arrow contacted the United States Comptroller General's office and requested a copy of the payment bond, and on October 3, 1980 was informed that the surety was Sentry Insurance with offices in Concord, Massachusetts. (Affidavit of John McCarthy, Esquire, dated January 28, 1982). Thereafter, counsel contacted the Concord office and was told that the payment bond had been issued by Sentry Insurance, A Mutual Company. On October 9, 1980 Arrow filed its amended complaint.

Although Arrow might have gone to yet greater lengths to determine Sentry's correct name, the initial error and subsequent efforts were not unreasonable, and the resulting delay does not justify dismissal of the claim.

Accordingly, for the reasons hereinabove set forth, Sentry's motion for summary judgment is DENIED.

---

7. Effective February 26, 1983, Rule 4(j) provides:

(j) *Summons: Time Limit for Service.* If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

8. Counsel for Arrow was not retained until July 25, 1980. (Affidavit of John McCarthy, Esquire, dated January 28, 1982). It would therefore appear that counsel had little time to investigate Sentry prior to commencing suit.