Deborah B. JACKSON, Plaintiff,

v.

SEAGRAVE FIRE APPARATUS, INC., et al., Defendants.

Ronald AHLQUIST and Sandra Ahlquist, Plaintiffs,

v.

SEAGRAVE FIRE APPARATUS, INC., et al., Defendants.

Civ. Nos. 86–0142 P, 86–0143 P.

United States District Court, D. Maine.

May 14, 1987.

Jeffrey W. Jones, Daniel R. Warren, Scarborough, Me., Neil Rossman, Boston, Mass., for plaintiff.

Peter J. DeTroy, III, Christopher C. Taintor, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE'S RECOMMENDED DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

These cases are before the Court on Plaintiffs' objections to the Magistrate's recommended decision concluding that Defendant Seagrave Fire Apparatus, Inc.'s motion for summary judgment should be granted. For the reasons stated herein, the objections are overruled, the recommended decision is modified and accepted as modified, and summary judgment will enter for Seagrave.

The cases grow out of a firetruck accident that occurred on March 8, 1980 in Scarborough, Maine. The complaints were filed just within Maine's six-year tort limitations period, on March 6, 1986, against Maxim Fire Apparatus, Inc. ("Maxim"). Maxim was served on March 20, 1986, a date outside the six-year limitations period. Plaintiffs subsequently discovered that the firetruck involved in the accident was not manufactured by Maxim but apparently by a corporate predecessor of Seagrave. Plaintiffs amended their complaints on August 4, 1986 to name Seagrave and served Seagrave on August 25, 1986; Plaintiffs stipulated to the dismissal of Maxim as a party defendant.

Seagrave then moved for summary judgment on the ground that the actions were barred by the statute of limitations. Plaintiffs responded that under Fed.R.Civ.P. 15(c), the amendments naming Seagrave as a defendant related back to the date of filing of the original complaint, which date was within the limitations period. Under Rule 15(c):

An amendment changing the party against whom a claim is asserted relates back if ... within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice

of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Although the rule requires notice to the later-named defendant within the limitations period, Plaintiffs argue that under this Court's decision in *United States ex rel. Arrow Electronics, Inc. v. G.H. Coffey Co., Inc.*, 100 F.R.D. 413 (D.Me.1983), Rule 4(j)'s 120–day period for the service of process should be added onto the limitations period.

The Magistrate concluded that *Arrow Electronics* has been overruled by *Schiavone v. Fortune*, —— U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), where the Supreme Court held that the linchpin of Rule 15(c) was notice *within the limitations period. Schiavone* left open one possibility: that a later named party could be considered to have had constructive notice of an action if that party shared "an identity of interest" with the originally named defendant. But the Magistrate found that Plaintiffs had not asserted any identity of interest sufficient to establish constructive notice. Although Maxim and Seagrave shared a common corporate ancestor, the Magistrate relied upon an uncontradicted affidavit stating that Maxim and Seagrave themselves had had no connection since 1963. The Magistrate recommended that Seagrave's motion for summary judgment be granted on the ground that the actions were time-barred.

Plaintiffs object to the following recommended findings and conclusions of the Magistrate: (1) that there is no genuine issue of material fact; (2) that *Arrow Electronics* has been overruled by *Schiavone;* (3) that Seagrave could not be held to have constructive notice; (4) that the only exception to Rule 15(c)'s requirement of notice within the limitations period is the identity of interest exception discussed in *Schiavone;* and (5) that Plaintiffs had not asserted a sufficient identity of interest between Seagrave and Maxim. Under 28 U.S.C.

§ 636(b)(1) and Rule 72(b), this Court must make a *de novo* determination of these matters. Rather than address each of Plaintiffs' objections, this Court will simply make a *de novo* determination of the entire question whether summary judgment on statute of limitations grounds is appropriate.

Plaintiffs' sole argument is that there is a genuine issue of material fact as to whether Seagrave and Maxim share a sufficient identity of interest to warrant charging Seagrave with constructive notice of the action instituted against Maxim. The Court concludes that the issue may be genuine but is not material; even assuming that Seagrave and Maxim shared a complete identity of interest, the identity of interest exception is inapplicable because Maxim itself did not receive notice until after the limitations period had run. Under *Schiavone*, "[t]imely filing of a complaint, *and notice within the limitations period to the party named in the complaint*, permits imputation of notice to a subsequently named and sufficiently related party." 106 S.Ct. at 2384 (emphasis added). Here, as in *Schiavone*, although the complaint was timely filed, "neither [the originally named defendant] nor [the subsequently named party] received notice of the filing until after the period of limitations had run. Thus, there was no proper notice to [the originally named defendant] that could be imputed to [the subsequently named party]." *Id.* (citing cases). Because the record clearly shows that the limitations period ran on March 8, 1986 and that Maxim was not notified until March 20, 1986, under the exception recognized in *Schiavone* there was no timely notice to Maxim which could be imputed to Seagrave.

Nor did Seagrave have timely actual notice; an uncontradicted affidavit establishes that Seagrave had no actual notice of this action until August 25, 1986. Even if *Schiavone* had not overruled *Arrow Electronics*—and this Court agrees with the Magistrate that it does so squarely—*Arrow Electronics* would be unavailing to Plaintiffs, because Seagrave did not receive actual notice until well over 120 days after the running of the limitations period on March 8, 1986.

There is thus no genuine issue of material fact; these actions are time-barred as a matter of law. The Court recognizes that the Magistrate's recommended decision reached this same result on a different rationale; the recommended decision is modified so as to incorporate the rationale just discussed.

It is therefore *ORDERED* that Plaintiffs' objections to the Magistrate's recommended decision are *OVERRULED*, the recommended decision is *ACCEPTED AS MODIFIED*, and Seagrave's motion for summary judgment is *GRANTED*.