Alejandro AMOROS
SANTIAGO, Plaintiff,

v.

Jesús Joel PÉREZ, et al., Defendants.

Civ. No. 86–1583(RLA).

United States District Court,
D. Puerto Rico.

July 1, 1988.

Pedro Miranda Corrada, Héctor Urgell Cuebas and Zulma R. Rosario, San Juan, P.R., for plaintiff.

Edna Hernández Arroyo, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

ACOSTA, District Judge.

The present case is an action pursuant to 42 U.S.C. § 1983 for damages and declaratory and injunctive relief. Plaintiff, Alejandro Amoros Santiago, held a career or permanent position as Executive Officer V, Director of the Office of Document Administration of the Office for Human Development of the Commonwealth of Puerto Rico. He complains that the defendants have improperly changed the duties and responsibilities of his position, assigning to him only menial tasks, solely because of his political affiliation. Defendants are all officers of the same Department. Mr. Amoros admits that his change in position, which he characterizes as a removal and demotion, did not entail a change in his classification or in his salary. Nonetheless he alleges that his rights under the First and Fourteenth Amendments to the United States Constitution have been violated by defendants, whom he claims are all members of the Popular Democratic Party ("PDP"), because they have undermined his position and they continue to humiliate and harass him solely because he is a

member of the New Progressive Party ("NPP").[1]

Before the Court is defendants' motion for summary judgment pursuant to Fed.R. Civ.P. 56 filed on March 10, 1988 (docket No. 28). Mr. Amoros never filed an opposition. Though we will, of course, construe the record in the light most favorable to him, we are nonetheless concerned that his omission is one of great peril to his case given that Rule 56 prohibits an opponent to a motion for summary judgment from simply resting on his allegations. Fed.R.Civ.P. 56(e); *see also Pérez De La Cruz v. Crowley Towing and Transportation Co.*, 807 F.2d 1084, 1086 (1st Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 2182, 95 L.Ed.2d 838 (1987) (the party opposing summary judgment may not rest upon the mere allegations of its pleading but its response must set forth specific facts showing that there is a genuine issue for trial). In addition, since it is plaintiff—the party with the burden of proof at trial—who has chosen to remain silent in the face of defendants' well-founded challenge, he places his case in serious jeopardy given the Supreme Court's admonition in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). There the Court stated that

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party would bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact', since a complete failure of proof concerning an essential element the non-moving party's case necessarily renders all other facts immaterial.

■ Plaintiff has failed to carry the burden established in *Celotex* not only because

he did not oppose defendants' motion but because his complaint is deficient as will be explained shortly. In the present case defendants move the Court to dismiss the complaint as time-barred. They argue, and we agree, that the applicable statute of limitations is Puerto Rico's one-year period for tort actions[2] and that the instant complaint was filed more than one year after the alleged discriminatory event against plaintiff occurred, thus it must be dismissed. To escape the bar of the statute of limitations, plaintiff had to allege facts which would enable a jury to conclude that he had suffered from political discrimination in the year before he filed suit. *See Stephanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 929 (1st Cir.1983). This, plaintiff has failed to do. *See also Velázquez v. Chardón*, 736 F.2d 831, 834 (1st Cir.1984).

Since there is no doubt that the one-year prescription period applies here, the question then is: When does the action accrue? The determination of the accrual period is a matter of federal law. *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir.1980). Under federal law a Section 1983 cause of action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Marrapese v. State of Rhode Island*, 749 F.2d 934, 936 (1st Cir.1984).

An established exception to the above limitation period is found in cases where a pattern or policy of employment discrimination exists such that there is no single act of the discrimination sufficient to trigger the start of the prescription period. *Velázquez v. Chardón*, 736 F.2d at 833. This is commonly referred to as the continuing-violation exception. Although plaintiff has not argued this exception since he has not filed an opposition, we will nonetheless consider whether or not the

---

1. The two parties mentioned are the main and dominating opponents in the political arena of Puerto Rico today.

2. In Section 1983 actions, which sound in tort, the applicable prescription period is the forum state's statute of limitations for tort claims.

*Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Puerto Rico, tort claims must be filed within one year of the injury. Article 1868 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5298(2).

facts as alleged in the complaint would support this position.

To determine if in the present case there is a continuing violation such that the prescription period is effectively tolled, we must ask "whether a present violation exists" *United Air Lines v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977), or whether the complaint simply establishes that plaintiff "continues to suffer from ongoing effects of some past act of discrimination," *Goldman v. Sears, Roebuck & Co.,* 607 F.2d 1014, 1018 (1st Cir.1979).

■ In sum, we must apply a two-prong test to determine whether or not the present action is time-barred. First we must establish whether the complaint was in fact filed one year after the date of the alleged discriminatory event. If so, we must then determine whether the continuing violation exception applies by studying plaintiff's allegations to see if they describe either the present effects of a past act of discrimination or a series of discrete and current violations.[3]

### THE ACCRUAL PERIOD

■ In the case at bar Mr. Amoros basically alleges that the modification and/or reassignment of duties constituted a demotion. Although nowhere in the complaint does Mr. Amoros state any pertinent dates, the exhibits provided by defendants clearly show the following sequence.

Exhibit 1 is a letter from plaintiff Amoros dated February 26, 1985 addressed to the Executive Director of the Office for Human Development, Mr. Jesús Joel Pérez, in which plaintiff proceeds to, in his words, place the position of Director of Division of Document Administration, which is the position he was performing, at the disposition of the addressee. In that letter though

plaintiff repeatedly asserts that he would continue to competently perform any duties assigned to him, he understands that the position is one, though not classified as trust and confidence, nonetheless involving great sensibility and confidentiality.

In the month of February 1985 the Division of Document Administration started a process of reorganization as evinced in defendants' Exhibit 2. In another letter written by plaintiff dated November 4, 1985, and addressed to the Director of Personnel of the Office for Human Development, Mr. Francisco Bonet, plaintiff states that beginning on March 4, 1985 certain changes were made to the duties and responsibilities of his position. On April 2, 1985, Mr. Jesús Joel Pérez, the Executive Director, sent plaintiff a letter in which he stated that effective April 1, 1985 the classification of his job would remain the same as well as his salary but that he would be transferred to a position numbered 95R. *See* defendants' Exhibits 4 and 5. Thus as of at least March of 1985 and at the latest April of 1985 plaintiff had actual knowledge or can be imputed with knowledge of the injury which is the basis of the instant action. *Marrapese, supra.* Plaintiff, therefore, had one year from that date or until April 1986 at the latest to file his complaint. The complaint, however, was not filed until October 7, 1986, that is approximately one year and six months later. Under these circumstances judgment must be entered in favor of defendants unless the complaint specifies some type of continuing violation.

### THE CONTINUING VIOLATION EXCEPTION

■ The continuing-violation doctrine, as stated above, is usually limited to cases involving a pattern or policy of employment

---

**3.** Although we will consider the continuing-violation exception to the statute of limitations in order to provide plaintiff with every possible favorable inference, we will not however delve into the intricacies of the doctrine of equitable tolling expressed in *Rivera Gómez v. De Castro,* 843 F.2d 631 (1st Cir.1988). The reason being that nowhere in the complaint or in the documents on record can it be inferred that any form of fraudulent misrepresentation has been alleged nor can it be inferred or even creatively imagined that the plaintiff was misrelying on actions by the defendants and therefore did not file his complaint on time. The doctrine of equitable tolling simply states that a defendant may be estopped by his own misconduct from invoking a limitations defense.

discrimination, such that a *present* civil rights violation exists where no one discriminatory event can sufficiently trigger the running of the limitations period. *See generally* D'Schlei and P. Grossman, *Employment Discrimination Law,* 884–908 (1976). The present or continuing violation must have occurred within the year before suit was filed. *See United Airlines v. Evans, supra,* 431 U.S. at 558, 97 S.Ct. at 1889.

Although plaintiff alleges in paragraph 9 of his complaint that one of the defendants Mr. Rodriguez, a supervisor of his, told him on October 22, 1985 that he would be transferred to the property section as chief, no such transfer has occurred and plaintiff, as the record shows, continues to work in the same place where he began. Therefore, our focus must be on any allegations of the so-called demotion at the documents' office. As to that, the complaint alleges on paragraph 10 that "aside from having removed and demoted plaintiff from his prior executive position before mentioned defendants constantly subject (sic) plaintiff to harassment and humiliation in violation of his rights as a public servant." Additionally in paragraph 11 plaintiff states that "defendants' sole purpose in removing plaintiff from his permanent position and in constantly harassing and humiliating him is to obtain his complete separation from public employment." Other than these two quoted paragraphs there are absolutely no other factual statements, indeed the ones quoted can hardly be considered factual, that would indicate any separate discriminatory events performed by defendants against plaintiff. What we have here is not the typical political discrimination case of job removals, transfers, and so forth, but rather one where the plaintiff has essentially remained in the same position throughout the relevant period but alleges nonetheless that he has been unconstitutionally politically-discriminated because his job duties and responsibilities have been seriously undermined. Without determining the merits of plaintiff's claim insofar as whether or not this alleged diminution in duties can be considered a Section 1983–type constitutional tort[4] we will nonetheless consider the complaint as viable for purposes of determining whether it was timely filed.

Though we accept plaintiff's allegations as true for purposes of the motion before us, there is nothing in the complaint as a whole to establish that a present violation exists. In other words, the complaint establishes only one separate and distinct discriminatory event, to wit, the changes in plaintiff's position and duties that began in March of 1985 and were formalized in April of 1985. The instant complaint contains mainly conclusory allegations that plaintiff was badgered by defendants who provided him with menial tasks in an effort to ultimately achieve a separation from his permanent position due solely to his membership in the NPP. Further, that these actions by defendants have subjected plaintiff to constant humiliation and considerable mental and emotional distress. There is nothing, however, in this language or in the complaint as a whole to establish that a present violation exists. In other words, the complaint establishes only one separate and distinct discriminatory event which is the diminution of duties that occurred approximately during the beginning of 1985 all the way to possibly April 1985. All other allegations by plaintiff contain nothing more than an extension of this initial discriminatory event, to wit, that he suffers humiliation and distress because of the peculiar nature of his present job, and that he feels that his duties are beneath his competence. But it is the beginning of this diminution in duties as opposed to any present violation of his constitutional rights which remains the pivotal event around which his Section 1983 action revolves. His bald statement that defendants, through their actions, seek to remove him from his permanent position cannot by itself establish a continuing-violation exception to the limitation period. As the First Circuit stated in

4. In fact, the issue of when a demotion or reduction of job responsibilities constitutes Section 1983–type liability has been pending on rehearing *en banc,* before the First Circuit Court of Appeals since last October. *María Agosto v. Aponte Roque,* slip op. No. 86–1300.

38

*De León Otero v. Rubero*, 820 F.2d 18, 19 (1st Cir.1987)

A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination. This court has held that a demotion followed by defendants' repeated refusals to reinstate the plaintiffs did not constitute a continuing violation. Similarly, the plaintiff here has confused a continuing act with a single act, his demotion, that has continuing consequences. (Citations omitted).

In the case at bar we have the same situation. The modification of plaintiff's duties of which he complains occurred on or about March or April 1985, one year and six months before the filing of the complaint. All other abstract acts of so called discrimination alleged in the complaint are nothing more than the consequences of this initial modification. Therefore, plaintiff's Section 1983 claims are barred by Puerto Rico's one year statute of limitations.

In accordance with the above, defendants' Motion for Summary Judgment filed on March 10, 1988 is hereby GRANTED and plaintiff's complaint is hereby dismissed as time-barred.

Judgment to be filed accordingly.

IT IS SO ORDERED.