Maribel BURGOS MARTINEZ, Plaintiff,

v.

Anibal RIVERA ORTIZ, Enrique
Jimenez, Carlos Lopez
Feliciano, Defendants.

Civ. No. 87–1326 HL.

United States District Court,
D. Puerto Rico.

June 26, 1989.

Vicky Acosta de Gelpi, Barranquitas, P.R. and Alejandro Oliveras, P.R. Legal Services, Santurce, P.R., for plaintiff.

José R. García Pérez, Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiffs filed this action pursuant to 42 U.S.C. sect. 1983 for alleged injuries resulting from "a botched search and seizure on the part of the Police Department of Puerto Rico." *See* Opinion and Order dated May 12, 1988. Plaintiffs' complaint, filed on October 2, 1987, named three defendants, Anibal Rivera Ortiz, Enrique Jimenez, and Carlos Lopez Feliciano, and ten unnamed defendants, John Doe A, B, and C, Richard Roe A, B, and C and Jane Doe A, B, C, and D. The three named defendants were served on November 16, 1987, November 17, 1987, and December 3, 1987, respectively. Six additional defendants, Balbino Gomez Melendez, Jose D. Rivera, Angel Santiago Nieves, Benigno Vazquez Martinez, Hector Cintron Garcia, and Juan Rios Rivas have been served in the interim.

Presently pending is defendants' motion for reconsideration and for dismissal. Defendants ask the Court to reconsider its margin order granting plaintiffs until March 1, 1989 to serve additional defendants, and to dismiss this action against all defendants except for the three defendants specifically named in the initial complaint.

Defendants raise several grounds in support of their motion to dismiss, but we find that one is dispositive. Essentially, defendants argue that this Section 1983 action is time-barred as against all the defendants who were unnamed in the initial complaint.

Defendants contend that Fed.R.Civ.P. 15(c), which allows amendments adding parties to relate back to the date of the complaint, requires that those subsequently added parties have notice of the action within the prescribed limitations period. Because these unnamed defendants did not receive notice, defendants conclude, the plaintiffs' action against them is time-barred.

 Plaintiffs' alleged injuries occurred in the early morning hours of October 3, 1986. Plaintiffs filed their complaint on October 2, 1987, one day before the statute of limitations expired. *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Altair Corp. v. Pesquera De Busquets,* 769 F.2d 30, 31 (1st Cir. 1985); *Amoros Santiago v. Perez,* 687 F.Supp. 34 (D.P.R.1988) (statute of limitations for Section 1983 action arising in Puerto Rico is the one-year statute of limitations for tort actions, Article 1868, P.R. Laws Ann. tit. 31, sect. 5298(2)). According to Fed.R.Civ.P. 3, an action is commenced with the filing of the complaint. According to Fed.R.Civ.P. 4(j), a plaintiff has 120 days from the filing of the complaint, unless a showing of "good cause" to extend the time is made, to serve the defendants named in the complaint. A defendant named in a complaint need not, therefore, be served before the statute of limitations expires. Plaintiffs' action is therefore timely as to the three named defendants, Anibal Rivera Ortiz, Enrique Jimenez, and Carlos Lopez Feliciano, who were served after the statute of limitations had expired, but within 120 days of the filing of the complaint.

 The contested issue is whether plaintiffs' action was timely as to the ten unnamed defendants, six of whom have since been ascertained, and duly served with a summons and complaint. Resolution of this issue depends on whether we apply the federal rule of relation back, Fed.R.Civ.P. 15(c),[1] or the Puerto Rico rule,

---

1. Fed.R.Civ.P. 15(c) states:
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original plead-

ing, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law

Puerto Rico Rule of Civil Procedure 15.4,[2] 32 L.P.R.A.App. III. If we apply the federal rule, plaintiffs' action against the unnamed defendants must be dismissed as untimely. According to the Supreme Court in *Schiavone v. Fortune,* only "[t]imely filing of a complaint, and notice within the limitations period to the party named in the complaint, permits imputation of notice to a subsequently named and sufficiently related party." 477 U.S. 21, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). While plaintiffs' complaint was timely filed, it is undisputed that service on the named defendants *did not take place within the limitations period,* i.e., before October 3, 1987. Instead, it took place on November 16, 1987, November 17, 1987, and December 3, 1987 respectively. Certainly, then, notice cannot be imputed to the unnamed defendants within the limitations period. And if these unnamed defendants did not get notice—be it informal, imputed, or constructive notice—on or before October 3, 1987, they cannot be sued under Section 1983 for alleged violations occurring on October 3, 1986. "The linchpin is notice, and notice within the limitations period." *Id.* 106 S.Ct. at 2385.

*Schiavone* makes strange bedfellows of named defendants and unnamed and/or subsequently added defendants. An action against named defendants need only be *filed* before the statute of limitations expires; service on the named defendants *need not* also take place within the limitations period. *See* Fed.R.Civ.P. 3 & 4. On the other hand, an action against unnamed and/or subsequently added defendants *need not* necessarily be filed before the statute of limitations expires, but service on the named defendants *must* take place before it does, if the amendment adding these defendants is to "relate back" to the date of the original complaint. *See Schiavone;* Fed.R.Civ.P. 15. The Court in *Schiavone* refused to extend the limitations period for filing an action against unnamed defendants by the 120 day period given for service on named defendants. "We are not inclined, either, to temper the plain meaning of the language [of Rule 15(c)] by engrafting upon it an extension of the limitations period equal to the asserted reasonable time, inferred from Rule 4, for the service of a timely filed complaint." 106 S.Ct. at 2385.

Relation back pursuant to Fed.R.Civ.P. 15(c) would be available to plaintiffs *only if* they had served the named defendants within the prescribed limitations period, i.e., on or before October 3, 1987:

Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for the mistake concerning identity, the action would have been brought against it; and (4) *the second and third requirements must have been fulfilled within the prescribed limitations period.* (emphasis added)

*Id.* at 2384.

If we apply Rule 15(c), then, we have no cause to delve into whether the three named defendants shared an "identity of interests" with the six subsequently named defendants sufficient to impute notice from the former group to the latter. Since the three named defendants did not get notice of this action until, at the earliest, November 16, 1987, there is no possible way to

for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

**2.** P.R.R.C.P. 15.4 states:

Whenever a plaintiff does not know the true name of a defendant, he shall so state in the complaint, setting forth the specific claim he allegedly has against said defendant. In said case, the plaintiff may designate said defendant in any pleading or proceeding with a fictitious name, and upon discovery of the true name, he shall forthwith make the corresponding amendment in the pleading or proceeding.

impute notice to the six subsequently named defendants on or before October 3, 1987.[3]

■ On the other hand, if we apply Puerto Rico's rule for relation back, P.R.R.C.P. 15.4, plaintiffs' action will be deemed timely as to the unnamed defendants:

> Rule 15.5 [the pre–1979 relation back rule was 15.5], PRRCP, whose standard is considerably less stringent than that of its federal counterpart, provides that if a defendant's name is unknown plaintiff may use a fictitious name to identify him temporarily and, upon discovering the real name, may amend to substitute the fictitious name for the properly identified defendant. The effect of this procedural mechanism is clearly substantive since the newly identified party will be considered a defendant from the moment the original complaint was filed. Thus, the statute of limitations is deemed interrupted, pursuant to Article 1873 of the Civil Code, since the original filing.

*Santiago v. Becton Dickinson & Co., S.A.,* 539 F.Supp. 1149, 1153 (D.P.R.1982).

■ We start with the premise that the Federal Rules of Civil Procedure apply in federal court. *See Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) and its progeny. Also relevant is that plaintiffs' action, filed under 42 U.S.C. § 1983, is a federal cause of action. We are not compelled, therefore, as we may be in a diversity case, to consider whether the application of a federal rule of procedure, i.e., Rule 15(c), would defeat substantive state rights. *See Marshall v. Mulrenin,* 508 F.2d 39, 44 (1st Cir.1974) (applying Massachusetts rule of relation back in a diversity action where applying Rule 15(c) would defeat rights arising from state sub-

stantive law). Similarly, *Santiago,* cited above, was a diversity action.[4] Moreover, *Schiavone* was itself a *diversity* action, and the Supreme Court did not even consider the whether the state rule of relation back should be applied, but instead applied Rule 15(c).

In this case, we do not face a diversity action, however, and can avoid the question of whether to follow *Marshall* or *Schiavone.* That we are facing a federal cause of action does not put us on easy street, however, because Section 1983 actions borrow a *state's* statute of limitations. *See Wilson,* 105 S.Ct. 1938. And along with borrowing the state limitations period come "closely related questions of tolling and application, [which] are to be governed by state law." *Id.* at 1943.

P.R.R.C.P. 15.4 arguably involves a question of the tolling of a statute of limitations, and so could be applied along with Puerto Rico's one-year statute of limitations for Section 1983 actions. We find, however, that we should apply the federal rule here for two reasons. The first is the nature of Rule 15(c). It is not a "closely related" question of tolling, as is, e.g., whether an intervening suit tolls a statute of limitations on a Section 1983 action while that intervening suit is pending, *see Altair Corp.,* 769 F.2d at 32, or whether the limitations period begins running anew on individual actions after a denial of class certification, *see Chardon v. Fumero Soto,* 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983). Instead, Rule 15(c) dictates that a defendant get notice—whether actual, imputed or constructive—before a statute of limitations runs out. It directly affects who may be liable under Section 1983, and when. If we were to apply Puerto Rico's

---

**3.** Plaintiffs claim that they are not adding new parties, but are merely substituting "real names," for "fictitious" ones. The practice of filing a claim against "John Doe," etc., does nothing, however, to stop the ticking of the clock. The primary concern of *Schiavone*—that a defendant get notice of an action against him within the limitations period—is not addressed by filing suit against "John Doe."

**4.** The district courts in the First Circuit are not, however, consistent in applying a state's relation

back law even in diversity cases. *Compare, e.g., Westfall v. Whittaker, Clark & Daniels,* 571 F.Supp. 304 (D.R.I.1983); *Covel v. Safetech, Inc.,* 90 F.R.D. 427 (D.Mass.1981) (diversity actions applying state rules of relation back) *with Jackson v. Seagrave Fire Apparatus, Inc.,* 660 F.Supp. 326 (D.Me.1987); *Rogatz v. Hospital General San Carlos,* 89 F.R.D. 298 (D.P.R.1980) (diversity actions applying federal rule of relation back).

rule here, that federal policy would be ignored. *See Sentry Corp. v. Harris,* 802 F.2d 229, 234–42 (7th Cir.1986) (finding that the dicta in *Wilson* does not stand for the proposition that all integral tolling provisions apply despite directly applicable federal law, and applying Fed.R.Civ.P. 3 in a Section 1983 to determine when an action is commenced). Likewise, we note that the question of when a cause of action accrues —certainly related to the *application* of a limitations period—is governed by federal law. *See, e.g., Singleton v. City of New York,* 632 F.2d 185 (2nd Cir.1980); *Rubin v. O'Koren,* 621 F.2d 114 (5th Cir.1980).

The second reason follows on the heels of the first. We look to a state's statute of limitations for Section 1983 actions only because federal law does not provide one. But federal law *does* provide a rule, embodied in Rule 15(c), on relation back. The Supreme Court in *Wilson* directed that "resort to state law ... should not be undertaken before principles of federal law are exhausted." *Wilson,* 105 S.Ct. at 1943. "In a § 1983 action ... Congress has specifically directed the courts, *in the absence of controlling federal law,* to apply state statutes of limitations and state tolling rules unless they are 'inconsistent with the Constitution and laws of the United States.' 42 U.S.C. § 1988." *Chardon,* 103 S.Ct. at 2618. Other courts have followed this principle. "[W]hen a federal court borrows a limitations period, it is not required to adopt all integral tolling provisions, particularly when there is a federal rule which directly controls the issue." *Sentry Corp.,* 802 F.2d at 245. Having a federal law of relation back means, therefore, that we need *not* look to the state to provide it.

Finally, we look to other courts in cases involving Section 1983 and the application of Rule 15(c). Our Circuit applies Rule 15(c) in Section 1983 actions. *See, e.g., Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99 (1st Cir.1979); *Ayala Serrano v. Collazo Torres,* 764 F.2d 47 (1st Cir.1985), *on remand,* 650 F.Supp. 722 (D.P.R.1986). Other circuits do as well. *See, e.g., Gleason v. McBride,* 869 F.2d 688 (2nd Cir. 1989); *Berndt v. State Of Tennessee,* 796 F.2d 879 (6th Cir.1986); *McCurry v. Allen,* 688 F.2d 581 (8th Cir.1982); *Wood v. Worachek,* 618 F.2d 1225 (7th Cir.1980); *Sassi v. Breier,* 584 F.2d 234 (7th Cir.1978); *Carter v. Three Unknown Police Officers,* 112 F.R.D. 48 (D.Del.1986); *Fecteau v. Unknown Officers & Agents of Clinton,* 596 F.Supp. 580 (E.D.Mi.1984). The one exception appears to be the Ninth Circuit, which applies state law on relation back in Section 1983 cases. *See Cabrales v. County Of Los Angeles,* 644 F.Supp. 1352 (C.D.Cal. 1986), *aff'd,* 864 F.2d 1454 (9th Cir.1988), *vacated and remanded on other grounds,* — U.S. ——, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989). *But see Percy v. San Francisco General Hosp.,* 841 F.2d 975 (9th Cir. 1988) (court applies Rule 15(c) in Section 1983 action regarding relation back of a claim).

When we apply Fed.R.Civ.P. 15(c), we must find that plaintiffs' action against the unnamed but subsequently served defendants is untimely. Because the unnamed defendants did not get notice within the limitations period, the cause of action against them must be dismissed.

WHEREFORE, the motion for reconsideration and/or dismissal is GRANTED. This action against defendants Balbino Gomez Melendez, Jose D. Rivera, Angel Santiago Nieves, Benigno Vazquez Martinez, Hector Cintron Garcia, and Juan Rios Rivas is hereby dismissed with prejudice. There being no just reason for delay, partial judgment shall be entered accordingly.

IT IS SO ORDERED.