Daniel FREUND, as personal representative of the Estate of Timothy Alan Walsh, and Katherine Freund, as mother and next friend of Alison and Ryan Walsh, Plaintiffs,

v.

FLEETWOOD ENTERPRISES, INC., Southwind Motor Homes, Inc., Stolle Corporation, Manchester Tank & Equipment Co., CCI Controls, and U–Haul International, Inc., Defendants.

Civ. No. 89–0230–P.

United States District Court,
D. Maine.

Jan. 23, 1991.

See also 745 F.Supp. 753.

Thomas J. Connolly, John McCurry, and Ernest J. Babcock, Martha C. Gaythwaite, Atty., Portland, Me., for plaintiffs.

Lawrence C. Winger, Herbert H. Bennett and Assoc., Portland, Me., for Manchester Tank & Equipment Co.

James G. Goggin and Adam Klausner, Verrill & Dana, Portland, Me., for Stolle Corp.

Thomas J. Quinn, Portland, Me., for Fleetwood.

Theodore H. Kirchner, Christopher C. Tainter, and Robert Hanson, Portland, Me., for U–Haul.

## MEMORANDUM OF DECISION AND ORDER DENYING MOTION OF DEFENDANT STOLLE CORPORATION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

This is a diversity action for wrongful death arising under Maine law. The applicable statute of limitations is provided by state law, which is found in 18–A M.R.S.A. section 2–804(b). Plaintiffs' Complaint alleges that the decedent, Timothy Walsh, died in a fire in a mobile recreational vehicle on September 21, 1987. Under the Maine statute of limitations, the time permitted within which to bring suit expired on September 21, 1989.[1]

---

1. The pertinent portion of the applicable Maine statute of limitations in respect to actions for wrongful death reads:

(b) Every such action shall be brought by and in the name of the personal representative of the deceased person, and the amount recovered in every such action, except as otherwise provided, shall be for the exclusive benefit of the surviving spouse, if no minor children, and of the children if no surviving spouse, and one-half for the exclusive benefit of the surviving spouse and one-half for the

exclusive benefit of the minor children to be divided equally among them, if there are both surviving spouse and minor children, and to the deceased's heirs to be distributed as provided in section 2–106, if there is neither surviving spouse nor minor children. The jury may give such damages as it shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the persons for whose benefit the action is brought, and in addition thereto shall give such damages as will compensate

The action was originally commenced by filing of a Complaint on September 20, 1989, against various defendants, including "Norcold, Inc." The Complaint alleged that Norcold, Inc. was a corporation organized and doing business under the laws of Ohio with a principal place of business in Sidney, Ohio. The Complaint was subsequently amended, as of April 3, 1990, to name Stolle Corporation in place of defendant Norcold, Inc. *See* Endorsement of Docket No. 30. Stolle Corporation now moves for summary judgment under the doctrine of *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

A motion for summary judgment must be granted if:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The Court of Appeals for the First Circuit has articulated the legal standard to be applied in deciding motions for summary judgment:

[T]he movant must adumbrate 'an absence of evidence to support the nonmoving party's case.' *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both 'material,' in that it might affect the outcome of the litigation, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976), and 'genuine,' in that a reasonable jury could, on the basis of the proffered proof, return a verdict

for the opponent. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988). It is settled that the nonmovant may not rest upon mere allegations, but must adduce specific, provable facts demonstrating that there is a triable issue. 'The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial.' *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989). As the Supreme Court has said:

[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249–59, 106 S.Ct. at 2510–16.

*Brennan v. Hendrigan*, 888 F.2d 189, 191–92 (1st Cir.1989).

■ It is well-established law in this district that Federal Rule of Civil Procedure 56 requires the Court to examine the merits of a motion for summary judgment even though a nonmoving party fails to object as required by Local Rule 19(c). *Gagne v. Carl Bauer Schraubenfabrick*, 595 F.Supp. 1081, 1084 (D.Me.1984); *McDermott v. Lehman*, 594 F.Supp. 1315 (D.Me. 1984). However, a party who fails to object to a motion for summary judgment within ten days, as required by Local Rule 19(c), is deemed to have consented to the moving party's statement of facts to the extent it is supported by appropriate record citations. *Lehman*, 594 F.Supp. at 1321. Plaintiffs have not filed in support of their

---

the estate of the deceased person for reasonable expenses of medical, surgical and hospital care and treatment and for reasonable funeral expenses, and in addition thereto may give damages not exceeding $10,000 for the loss of comfort, society and companionship of the deceased to the persons for whose benefit the action is brought, *provided that the action shall be commenced within 2 years after the*

*decedent's death.* If a claim under this section is settled without an action having been commenced, the amount paid in settlement shall be distributed as provided in this subsection. No settlement on behalf of minor children shall be valid unless approved by the court, as provided in Title 14, section 1605. 18–A M.R.S.A. § 2–804(b) (emphasis added.)

objection to the summary judgment motion any submission of evidentiary quality or any statement of facts in dispute which cites portions of the record.

The motion is before the Court on an unusual predicate partly because it raises a question of procedural law which counsel appear to believe can be adjudicated on the basis of facts set forth in the pleadings and docket entries in this case. Defendant Stolle Corporation has filed a Statement of Material Facts Not in Dispute [2] which demonstrates that the date of the accident alleged to have caused the death of the decedent was September 21, 1987, and that the action was commenced by the filing of a Complaint with the Clerk of this Court on September 20, 1989, which named the defendant as "Norcold, Inc." Statement of Material Facts at ¶¶ 1–2 (Docket No. 85). The Statement then goes on to establish that a copy of the Summons and Complaint was served on December 15, 1989 on "Ron Reifman, General Manager of Norcold, Inc., 503 Michigan Street, Sidney, Ohio." *Id.* at ¶ 3. That fact is purportedly established by the Return of Service herein.

The Statement continues by noting that a Second Amended Complaint was "served on Stolle's counsel on March 9, 1990 nam[ing] Stolle Corporation as a defendant." *Id.* at ¶ 4.[3] Plaintiffs' Second Amended Complaint, filed herein, is cited as support for this fact. Finally, the Statement declares: "Norcold is a division of the Stolle Corporation, a corporation organized and doing business under the laws of the State of Ohio, with a principal place of business in Sidney, Ohio." *Id.* at ¶ 5. De-

fendant has filed no affidavits in support of this Motion for Summary Judgment.

Defendant Stolle filed an Answer to the Second Amended Complaint on March 13, 1990, identifying itself in the first paragraph thereof as "the Defendant Stolle Corporation ('Norcold')" and signed by counsel as "Attorney for the Defendant Norcold, Inc." *See* Answer of Defendant Stolle Corporation to Plaintiffs' Second Amended Complaint at 1 and 15 (Docket No. 31). Later pleadings of this Defendant have variously identified the Defendant as Stolle Corporation or Norcold, Inc.

Defendant Stolle Corporation argues that it is entitled to have this action dismissed under the rationale articulated in *Schiavone*, 477 U.S. at 25, 106 S.Ct. at 2382. Specifically, the applicable state statute of limitations establishes the period within which a defendant to be brought into an action must receive notice of the action under Rule 15(c). That period does not include the additional time available for service of process provided by Federal Rule of Civil Procedure 4.

This Court has dealt with this issue on a prior occasion in similar circumstances. *See Jackson v. Seagrave Fire Apparatus, Inc.*, 660 F.Supp. 326 (D.Me.1987) (Carter, D.J.).[4] In *Jackson*, the claim arose out of an accident that occurred on March 8, 1980. The Complaints were filed barely within Maine's six-year general tort limitations statute on March 6, 1986, and named the defendant as Maxim Fire Apparatus, Inc. That defendant was served on March 20, 1986, which was a date outside the six-year limitations period.[5] It was subsequently

---

**2.** The Statement is not supported by any affidavit or other submission of evidentiary quality. It cites only certain of the pleadings in the case. Specifically, the Statement cites Plaintiffs' original Complaint, their Second Amended Complaint, and Defendant Norcold's Answer to the latter. No factual assertion set forth in the Statement is supported by citations to anything other than these pleadings and the dates of their respective filings as reflected by the docket entries.

**3.** The Court's examination of the pleading record in this case establishes that Defendant Stolle Corporation consented to Plaintiffs' Second Amended Complaint which accomplished

the name change indicated above. *See* Plaintiffs' Motion to Amend Complaint (Docket No. 30), and endorsement thereon of April 3, 1990. The Second Amended Complaint was filed on April 3, 1990 (Docket No. 39).

**4.** *But see also United States ex rel. Arrow Electronics, Inc. v. G.H. Coffey Co., Inc.*, 100 F.R.D. 413 (D.Me.1983) (Cyr, C.J.) (decided prior to the decision in *Schiavone.*)

**5.** Under the Maine statute of limitations, 14 M.R.S.A. § 553, the action was commenced, for purposes of the statute, when the Complaint was filed with the Clerk under Federal Rule of Civil Procedure 3.

discovered, to plaintiff's counsel's satisfaction, that Maxim was apparently not the appropriate defendant but that a corporate entity named Seagrave Fire Apparatus, Inc. was the proper defendant. Accordingly, Plaintiffs amended their Complaints on August 4, 1986 to name Seagrave and served that corporation on August 25, 1986. Defendant Maxim was dismissed as a party defendant by stipulation.

Thereafter, Seagrave moved for summary judgment on the ground that the actions were barred by the statute of limitations. The Magistrate, who initially heard the motion, recommended that the motion be granted on the grounds that the *Schiavone* Court had held "that the linchpin of Rule 15(c) was notice [to the ultimate defendant] *within the limitations period." Jackson,* 660 F.Supp. at 327 (emphasis in original). The Court noted, however, that *Schiavone* left open one possibility: "that a later named party could be considered to have had constructive notice of an action if that party shared 'an identity of interest' with the originally named defendant." *Id.*

In the Recommended Decision, the Magistrate relied upon an uncontradicted affidavit in support of the motion for summary judgment which stated that Maxim and Seagrave had been unrelated since 1963. Plaintiffs objected to the acceptance of the Recommended Decision of the Magistrate. The Court, on *de novo* review, had this to say:

> Plaintiffs' sole argument is that there is a genuine issue of material fact as to whether Seagrave and Maxim share a sufficient identity of interest to warrant charging Seagrave with constructive notice of the action instituted against Maxim. The Court concludes that the issue may be genuine but is not material; even assuming that Seagrave and Maxim shared an identity of interest, the identity of interest exception is inapplicable because Maxim itself did not receive notice until after the limitations period had

run. Under *Schiavone,* '[t]imely filing of a complaint *and notice within the limitations period to the party named in the complaint* permits imputation of notice to a subsequently named and sufficiently related party.' ... Here, as in *Schiavone,* although the Complaint was timely filed 'neither [the originally named defendant] nor [the subsequently named party] received notice of the filing until after the period of limitations had run. Thus, there was no proper notice to [the originally named defendant] that could be imputed to [the subsequently named party].' ... Because the record clearly shows that the limitations period ran on March 8, 1986 and that Maxim was not notified until March 20, 1986, under the exception recognized in *Schiavone* there was no timely notice to Maxim which could be imputed to Seagrave.

*Id.* at 328 (emphasis in original) (citations omitted). On the basis of the last conclusion, the Court in *Jackson* granted the motion for summary judgment.

■ The Court cannot grant summary judgment here, however, since the record made on this motion demonstrates at least one genuine issue of material fact. In order to establish its entitlement to summary judgment under *Schiavone,* Stolle must establish that it did not receive notice of the action herein within the two-year statute of limitations period.[6] Stolle has not asserted, much less established as beyond dispute, by citation to record materials of evidentiary quality that it did not receive notice of this action before September 21, 1989. The Court could so find, if at all, on this record only by engaging in factfinding, which it may not do in acting upon a motion for summary judgment.

Defendant Stolle Corporation, having failed to establish the absence of any genuine issue as to the proposition that it did not receive notice of the pending action prior to September 21, 1989, has failed to

---

6. Had Stolle made this required showing, it appears that under summary judgment procedure the burden would pass to Plaintiffs to show that there was a genuine issue of fact as to whether any knowledge Norcold, Inc. had of *the action,* if any, *prior to September 21, 1989* could be imputed to Stolle because of a factual "identity of interest" between them. Plaintiffs have made no such showing of an evidentiary quality on the present record.

carry its burden on its Motion for Summary Judgment.[7] Accordingly, the Motion of Defendant Stolle Corporation for Summary Judgment is hereby DENIED.

So ORDERED.

---

**7.** In a memorandum of law filed on the motion, Plaintiffs assert that there were circumstances from which one can infer that the personnel of an adjusting company were promptly on the scene of the accident in this case, took possession of certain evidence, and that these personnel were at the time, or subsequently became, knowledgeable representatives of Defendant Stolle Corporation. This information is disregarded by the Court in acting on the motion as Plaintiffs, in violation of their obligations under the Local Rule in respect to summary judgment, have failed to support these assertions by affidavit or other submissions of evidentiary quality.