Edgardo **MARTINEZ TORRADO,**
Plaintiff,

v.

Gilberto **COLON MONTES,**
et al., **Defendants.**

**Civ. No. 89–0722(JAF).**

United States District Court,
D. Puerto Rico.

Nov. 21, 1991.

---

Rosalinda Pesquera–Dávila, Víctor E. Báez, Elías Dávila Berríos, San Juan, P.R., for plaintiff.

Hjalmar Flax, Atty., Antonio Fiol–Matta, Director, Federal Litigation Div., Dept. of Justice, Commonwealth of Puerto Rico, Héctor Rivera–Cruz, Secretary of Justice, for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This comes to us on a motion for reconsideration by plaintiff. This court had granted defendant's motion to dismiss plaintiff's claim under 42 U.S.C.A. § 1983 because it was time-barred. Plaintiff now moves to reconsider.

## FACTS

Plaintiff Edgardo Martínez Torrado ordered a bowl of soup and a bottle of wine at the Metropol Restaurant in Isla Verde, Carolina, on the evening of May 25, 1988. Plaintiff was 52 years old and apparently has an emotional disability which results in his occasionally disappearing from his home for weeks at a time. When he had finished his meal he was unable to pay the $15.45 check. While plaintiff went to find a telephone to call his family for money, the manager called the police. Plaintiff was arrested by Officers Colón Montes and José R. Díaz Rivera of the Puerto Rico Police Department, who, he alleges, refused to allow him to make a phone call. He was then taken to the Hato Rey Judicial Center where he was found guilty of larceny of food by District Court Judge Carlos J. Rivera Davis. Plaintiff was unable to post bail, which was set at $1,000, whereupon he was taken to the Puerto Rico State Penitentiary on May 26, 1988 and jailed. At this point plaintiff alleges that he was subjected to a "needless beating" by codefendants Roberto Morales Luna and William Torres Ortiz, both of whom were employed as prison guards at the prison. Their identity, and the plaintiff's ability to ascertain their identity, lies at the heart of the question of whether plaintiff's action was timely.

When his family was finally able to locate him, after allegedly having placed ads in the newspaper and having filed a missing persons report with the police, they arranged for his release on June 10, 1988. Upon release he was hospitalized for treatment of emotional and physical trauma. Plaintiff filed a claim for injuries received during his imprisonment and violations of his civil rights against various members of the prison system of Puerto Rico on May 24, 1989, almost a year after the date of the violations. This court dismissed actions against Officers Colón and Díaz because these defendants had not violated a protected right. The court also dismissed the action against Warden Carmelo Gonzá-

lez because plaintiff failed to show defendant was grossly negligent in his duty to train the officers who allegedly beat the plaintiff.

The original complaint also named the officers who had allegedly beaten the plaintiff, but not by name. Plaintiff began discovery in early September to determine the names of the guards, deposing all the parties involved and requesting a list of the guards on duty the night of the beating. On February 6, 1990, the two guards alleged to have beaten plaintiff were finally identified as William Torres Ortiz and Roberto Morales Luna. Morales was personally served on May 3, 1990, while Torres, who was on vacation, was served by leaving summons and complaint with a person of suitable age and discretion at defendant's usual place of abode on the same date. An order of default judgment was entered on July 2, 1990 against both defendants. Morales moved to set aside the entry of default judgment on July 7, 1990 and that motion was granted. Then Morales moved to dismiss under the relation back principle of Fed.R.Civ.P. 15(c)[1] on the grounds that the statute of limitations had run before he was properly served. That motion was granted. The court now considers plaintiff's motion for reconsideration.

## DISCUSSION

In *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) the Supreme Court found that where plaintiff amends its complaint to change the name of the defendant, Fed.R.Civ.P. 15(c) governs.[2] Under that rule, the plaintiff's amendment can only "relate back" to the original complaint if the previously unnamed defendant was properly served within the prescribed limitations period. This rule is to be applied in the context of section 1983 actions because the Federal Rules of Civil Procedure are applicable in Federal Court. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). For although state law governs the applicable statute of limitations period for section 1983 actions, *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the application of state law is limited to "[t]he length of the limitations period, and closely related questions of tolling and application." *Wilson*, 471 U.S. at 269, 105 S.Ct. at 1943. The substantive law in section 1983 actions might require the borrowing of state statute of limitations, but rules of procedure are not closely related enough to the statute of limitations to require the application of state rules of procedure to a federal cause of action. *Burgos Martínez v. Rivera Ortiz*, 715 F.Supp. 419, 422 (D.P.R.1989).

The statute of limitations which has been found to govern section 1983 actions in Puerto Rico is the limitations period which applies to general personal injury suits, 31 L.P.R.A. § 5298. *Rodríguez Narvaez v. Nazario*, 895 F.2d 38 (1st Cir.1990).[3] Determining the statute of limitations peri-

---

1. Rule 15(c) provides:

    Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

2. The Legislature has amended Rule 15(c) with the express intent of overturning the result of *Schiavone*. It has stated that "[o]n the basis of the text of the former rule, the Court reached a result in *Schiavone v. Fortune* that was inconsistent with the liberal pleading practices secured by Rule 8." However, this amendment does not go into effect until December 1, 1991 and so cannot be applied in this case. We must, therefore, act under the existing language, which requires a much stricter interpretation.

3. Under section 5298, the plaintiff is allowed one year for "obligations arising from the fault or negligence mentioned in section 5141 of this title, from the time the aggrieved person had knowledge thereof."

od in this case is simple. The question here is when that period begins to run. Plaintiff is arguing that the period should be measured from the time the plaintiff discovered the names of the guards who were alleged to have beaten plaintiff.

The Supreme Court has found that accrual is determined according to the substantive federal law in the case, in this situation section 1983. *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). The accrual period begins to run when plaintiff knows or has reason to know of the injury which forms the basis of the action. *Street v. Vose,* 936 F.2d 38, 39 (1st Cir.1991). The plaintiff would like this court to apply the discovery rule as applied in *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), to determine when the action accrues.[4] This seems to us to be a misapplication of the discovery rule. The rule is specifically concerned with the discovery of an injury and knowledge of critical facts about its causation. The names of the perpetrators of an injury have no bearing on the question of whether the plaintiff was able to either discover the injury or discover who caused the injury. In this case the plaintiff knew what the injury was and who caused it. He knew who had caused it in that he knew their faces, where they worked, and even what shift they were on. The discovery rule is only concerned with cases where the plaintiff has no idea of the source of his injury because he has been injured by a person or entity he has never seen or suspected of injuring him. The fact of their actual names was not critical to determining whether he was injured or who had caused his injury. Although the names of the defendants were admittedly still in the possession of the government, this did not prevent the accrual of the cause of action;

rather, any obstruction on the part of the government would have been a ground for tolling the statute. Applying the reasoning of *Kubrick,* the plaintiff only needed to resort to a competent professional, like a lawyer, to make sense of the information he had. This plaintiff is not in the group of plaintiffs the discovery rule was designed to protect.

Under Puerto Rico law, the knowledge requirement is very similar to the discovery rule. For accrual purposes it has two parts: knowledge of the injury and notice of the person who caused the injury. *Kaiser v. Armstrong World Industries, Inc.,* 872 F.2d 512 (1st Cir.1989). In this context, where the knowledge standard, if anything, is more generous than the discovery rule in *Kubrick,* the first circuit has found that "knowledge of the 'author' of the injury did not, at least in ordinary circumstances, require plaintiff to know 'the exact name of the tortfeasor or the precise intracorporate relationships'; these were not 'a clandestine or hidden fact.'" *Kaiser v. Armstrong World Industries, Inc.,* 872 F.2d at 516. Here the circumstances were not extraordinary. Plaintiff is not alleging any particularly obstructive behavior on the part of the government. Moreover, as stated above, such behavior is more appropriately dealt with by rules concerning equitable tolling. The fact that plaintiff did not have the actual name of these defendants is not equivalent to the lack of knowledge of some critical fact about his injury. Therefore the *Kubrick* discovery rule does not prevent the accrual of this action on the day of the beating.

The issue of tolling is also governed by state law. *Wilson,* 471 U.S. at 269, 105 S.Ct. at 1943; *Torres v. Superintendent of Police of Puerto Rico,* 893 F.2d 404, 407 (1st Cir.1990). Under Puerto Rico

---

**4.** "We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment. *That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to* obtain. The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury. *He is no longer at the mercy of the latter.* There are others who can tell him if he has been wronged, and he need only ask." *U.S. v. Kubrick,* 444 U.S. at 122, 100 S.Ct. at 359 (emphasis from plaintiff's motion for reconsideration).

law, the section 5298 prescription period may be tolled in one of three ways: By a parallel judicial action, by an extrajudicial action or by an acknowledgement of the debt.[5] Plaintiff presents the argument that since the plaintiff was unable to ascertain the identities of the two guards until February 1990 despite the exercise of due diligence, the action should be tolled. But the plaintiff did not even begin trying to determine the identity of the guards until after May 26, 1989, when the statute of limitations had already run as to the two unnamed defendants. This argument, therefore, would not operate to toll the statute. While this court would imagine other arguments which would lead to the equitable tolling of the statute of limitations, the plaintiff has not raised any of these for the court's consideration. Since the limitations period had clearly run before the defendant Morales Luna was served on May 3, 1990, the action against him is time-barred.

IT IS SO ORDERED.

---

**5.** "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of ac- knowledgment of the debt by the debtor."   31 L.P.R.A. § 5303.