**GENERAL ELECTRIC COMPANY, Plaintiff,**

v.

**M/V GEDIZ, her engines, boilers, etc. in rem, and Turkish Cargo Lines and D.B. Deniz Nakliyati, Defendants.**

**No. 88 Civ. 4386 (KTD).**

United States District Court, S.D. New York.

Aug. 4, 1989.

Mahoney & Keane, New York City, Cornelius A. Mahoney, of counsel, for defendants.

Marcigliano & Campisi, New York City, Frank M. Marcigliano and Michael T. McCarty, of counsel, for plaintiff.

## OPINION

KEVIN THOMAS DUFFY, District Judge.

Plaintiff General Electric Company brings this action under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. App. §§ 1300–1315 (1982 & Supp. V 1987) regarding cargo allegedly damaged while being shipped by defendant Turkish Cargo Lines ("Turkish Cargo"). Turkish Cargo moves pursuant to Fed.R.Civ.P. 56 for summary judgment, claiming that the one-

year statute of limitations under COGSA bars General Electric's damages claim. General Electric argues that Turkish Cargo is estopped by its own conduct from raising the statute of limitations defense.

Pursuant to my endorsement of June 21, 1989, a one-day hearing under Fed.R.Civ.P. 43(e) was held on June 29, 1989, to establish the validity of General Electric's claim of estoppel. Based on the following findings of fact and conclusions of law, I find that General Electric has failed to meet its burden of showing sufficient conduct by Turkish Cargo to warrant estoppel of the statute of limitations defense.

## FACTS

On December 9, 1986, the M/V Gediz, owned and operated by Turkish Cargo, landed in the port of Charleston with a shipment of nails for General Electric. General Electric made a claim for damages to its shipment on December 18, 1986. On August 18, 1987, Turkish Cargo's agent, Johnson Maritime Services, Inc. ("Johnson Maritime"), passed the claim by General Electric's subrogee, Kemper Insurance Group ("Kemper"), to Turkish Cargo's settlement agent Lamorte Burns & Co. Inc. ("Lamorte Burns").

## DISCUSSION

■ Section 1303(6) of COGSA provides that actions for damage to cargo must be commenced within one year of the date of delivery. Contrary to the general rule that statute of limitations provisions cannot be waived, it is well established that under COGSA the statute of limitations period can be waived either orally or in writing. *Gourmand, Inc. v. M/V Nedlloyd Inc.,* No. 88–3594, slip op., 1989 WL 54155 (S.D. N.Y. May 18, 1989); *Armenia Coffee Corp. v. S.S. Santa Magdalena,* 1983 A.M.C. 1249 (S.D.N.Y.1982). The standard for determining the existence of an estoppel is whether Turkish Cargo's actions "lulled [General Electric] into a false sense of security and so induced [it] not to institute suit in the requisite time period." *Austin, Nichols & Co., Inc. v. Cunard Steamship Ltd.,* 367 F.Supp. 947, 949 (S.D.N.Y.1973).

■ General Electric presented two witnesses at the hearing, James Kopacz and Barbara Barchers, both Kemper employees. Barchers testified that on or about October 1, 1987, she took a phone message for her co-worker Kopacz, who was responsible for the Gediz claim. She testified that the caller was either George Grauling, who was handling the Gediz claim for Johnson Maritime, or someone from Grauling's office. She stated that the caller requested a clarification of Kopacz's prior letter request for an extension of time to bring suit. The caller then granted a three-month extension of time, bringing the date to March 9, 1988, and stated that a telex would follow. It was established at the hearing, however, that Grauling was no longer an employee of Johnson Maritime on October 1, 1988, and did not make any phone call to Kemper on that date. No telex from Johnson Maritime was received.

Kopacz testified that he attempted to get a written confirmation of the oral extension, but never received any documentation that an extension had been granted. At the same time Kopacz continued to negotiate a settlement with Lamorte Burns, with the belief that an extension had been granted. Indeed, testimony revealed that both Lamorte Burns and Johnson Maritime believed that an extension of time to file suit had been granted until March 9, 1988.

A second extension was requested by Kemper from Turkish Cargo on March 18, 1988, nine days after the first claimed extension expired on March 9. Again, no response was forthcoming from Turkish Cargo, but settlement negotiations continued with Lamorte Burns through April, May, and June of 1988. On June 22, 1988, Johnson Maritime informed Kemper that no extensions would be forthcoming from Turkish Cargo, and General Electric filed this action on June 23, 1988.

■ Even assuming that an extension of time to file suit was granted until March 9, 1988, General Electric's request for a further extension did not occur until nine days after the initial extension had expired and is therefore without effect. When an extension of time under COGSA is granted it is for that definite time period only. *United Fruit Company v. J.A. Folger & Com-*

*pany,* 270 F.2d 666 (5th Cir.1959), *cert. denied,* 362 U.S. 911, 80 S.Ct. 682, 4 L.Ed.2d 619 (1960). Moreover, General Electric, through Kemper, could not have relied on settlement negotiations with Turkish Cargo to give rise to an estoppel. Testimony revealed that up to March 9, 1988, all discussions regarding the claim took place between Lamorte Burns and Kemper only, and that April 7, 1988, was the first time Lamorte Burns made an offer of settlement. *See* Defendants' Exh. B. Thus, all settlement discussions were undertaken after the suit was already time-barred.

That Lamorte Burns, through either oversight or failure of communication between Turkish Cargo and Johnson Maritime, continued to negotiate with Kemper after March 9, 1988, is irrelevant. Testimony established that Lamorte Burns was not authorized to grant extensions on behalf of Turkish Cargo, and that the standard procedure for receiving extensions from Turkish Cargo was to contact Turkey for approval. Because a waiver of the one-year statute of limitations period under COGSA is strictly construed, Lamorte Burns' conduct here cannot constitute a basis for estoppel. *See Volvo v. M/V Atlantic Saga,* 534 F.Supp. 647, 649 (S.D.N.Y.1982) (extensions granted by agent not binding on defendant where agent not authorized to grant extensions on its behalf). In addition, Johnson Maritime never extended time at any point or got permission from Turkish Cargo to do so. Neither did it engage in any settlement negotiations.

Thus I find that General Electric has failed to carry its burden of showing conduct by Turkish Cargo that justifiably led it to reasonably believe that it was not bound by the March 9, 1988, deadline to file suit. Turkish Cargo's motion for summary judgment is therefore granted insofar as General Electric's suit is time-barred by COGSA's one-year statute of limitations. The complaint is dismissed in its entirety.

SO ORDERED.