**OLD TOLEDO BRANDS, INC., Plaintiff,**

v.

**SCHENKER, INC., Defendant.**

No. 07 Civ. 9496.

United States District Court, S.D. New York.

Dec. 17, 2008.

Sandra Gale Behrle, Brendan Collins, Richard Bennett Cooper, Cooper, Brown & Behrle, P.C., New York, NY, for Plaintiff.

John Thomas Lillis, Jr., Thomas Michael Grasso, Kennedy Lillis Schmidt & English, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Old Toledo Brands, Inc. ("Old Toledo") brought this maritime and admiralty action against defendant Schenker, Inc. ("Schenker") for breach of contract and negligence. Schenker now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 (the "Rule 56 Motion") alleging that Old Toledo's claims are barred by the applicable statute of limitations. For the reasons discussed below, Schenker's motion is DENIED.

## I. BACKGROUND[1]

Schenker assisted Old Toledo with the transport of Sears-branded seasonal apparel (the "Goods") from Pakistan to the United States in 2006, pursuant to an agreement between the parties (the "Agreement"). The containers of Goods were consigned to Old Toledo from its suppliers in Pakistan on or about August 27, 2006. Because the Goods were seasonal merchandise, Old Toledo told Schenker that it needed them in New York as soon as possible. Although originally scheduled to arrive on September 19, 2006, due to a variety of problems with the shipment, the Goods did not arrive in New York until November 5, 2006. As a result of the delay in arrival, Old Toledo was required to pay a penalty of $275,000 to its customer, Sears. Old Toledo now seeks damages from Schenker in the amount of the penalty, which Old Toledo claims was a direct result of Schenker's negligence and breach of contract.

---

1. The factual summary below is derived from Old Toledo's Complaint in this action, dated October 23, 2007 (the "Complaint"); Schenker's Answer and Defenses, dated November 12, 2007 (the "Answer"); Schenker's letters to the Court, dated October 10, 2008 ("Schenker's Oct. 10 Letter"), November 7, 2008 ("Schenker's Nov. 7 Letter") and November 21, 2008 ("Schenker's Nov. 21 Letter"); and Old Toledo's letters to the Court, dated October 7, 2008 and November 12, 2008. Except as quoted or otherwise cited, no other specific reference to these documents will be made.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

In connection with a Rule 56 motion, "[s]ummary judgment is proper if, viewing all the facts of the record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." *Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir.1996) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The role of a court in ruling on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986). The moving party bears the burden of proving that no genuine issue of material fact exists or that, due to the paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party. *See Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1223 (2d Cir.1994).

### B. *STATUTE OF LIMITATIONS*

■ Old Toledo alleges that Schenker agreed to deliver the Goods to New York by a certain date, September 19, 2006, and that Schenker breached its contract with Old Toledo by not delivering the Goods until November 5, 2006. Old Toledo also argues that the Carriage of Goods by Sea Act (the "COGSA") governs this action because Schenker was acting as a non-vessel-operating common carrier (an "NVOCC"). Schenker denies that it guaranteed a specific delivery date. Schenker also denies that it was acting as anything more than a conduit of communications between Old Toledo and a freight company. However, Schenker argues that even if Old Toledo were to prevail on its claims that Schenker had guaranteed a delivery date and that it was acting as a NVOCC,

Old Toledo's suit would be barred by the COGSA's statute of limitations.

The COGSA provides that carriers will be:

> discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered.

49 Stat. 1207 § 6, note following 46 U.S.C. § 30701.

Old Toledo filed this action on October 24, 2007. Schenker argues that the statute should run from the alleged guaranteed delivery date, September 19, 2006, and not from the date the goods were actually delivered, November 5, 2006, and as a result the claim should be barred by the one-year statute of limitations.

Schenker asserts that in calculating the date on which COGSA's statute of limitations begins to run, the "fundamental concern" is the plaintiff's opportunity to determine that it has suffered damage. (Schenker's Nov. 7 Letter at 2; Schenker's Nov. 21 Letter at 1). Schenker acknowledges that courts have uniformly held that in cases where goods were actually delivered the statute of limitations runs from the date of delivery, but Schenker argues that the reasoning behind the rule demands a different outcome in this case. Schenker asserts that where the delay itself, not physical harm to the goods, constitutes the damage, the statute should run from the date of guaranteed delivery as that is the date the would-be plaintiff is on notice of the damage.

Old Toledo claims it suffered damage because the Goods were not delivered by September 19, 2006. Therefore, according to Schenker's argument, Old Toledo did not need to inspect the Goods upon actual delivery to determine that it had suffered damage; it was on notice of the injury as

soon as the delivery date passed without receipt of the Goods. Alternatively, Schenker argues that because the Goods that Old Toledo requested were "goods-delivered-by-September 19," these goods were never delivered. Thus, on this theory the statute of limitations should run from the date the Goods should have been delivered. Though Schenker points to no case in which a court has calculated the statute of limitations in this way, it argues that the circumstances presented in this instance are unique. In response, Old Toledo asserts that Schenker's argument runs counter to the views of the courts and commentators who have addressed this issue. In addition, Old Toledo stresses the need for a clear test to guide parties in determining when suits can properly be filed.

■ The Court is not persuaded by Schenker's arguments and finds that Old Toledo's claim is not barred by the statute of limitations. The COGSA clearly states that the one-year time period runs from the date of delivery or the date on which the goods should have been delivered. The need to run the statute of limitations from the date on which the goods should have been delivered arises from situations in which the goods fail to ever reach their intended destination. *See, e.g.*, *Mitsui Marine Fire and Ins. v. Direct Container Line, Inc.*, No. 99 Civ. 9461, 2000 WL 262921, at * 2 (S.D.N.Y. March 6, 2000) ("[T]he clause of the statute pertaining to the date of anticipated delivery applies only where the shipment is lost altogether and the statute begins to run only upon actual delivery in all other cases." (*citing* Thomas J. Schoenbaum, *Admiralty and Maritime Law*, § 10–41, at 166 (2d ed. 1994))). The rationale for this rule is understandable and logical. In the typical case in which the goods are lost altogether—the ship sinks, the train derails, the truck collides—the cause of the failure to deliver is known, and consequently that plaintiff will not receive delivery at all is certain. Because on the date of the promised delivery it is already known that the goods will not arrive, there can be no dispute that a loss occurred, and therefore no need for further inquiry regarding the date as of which the plaintiff can claim that his injury occurred.

Schenker argues that calculating all COGSA statute of limitations periods from the date of actual delivery where the goods were eventually delivered is a "wooden" application of the rule. (Schenker's Nov. 7 Letter at 4). However, clear rules in this area of the law provide parties with the necessary guidance to assert and defend against particular claims. Anything less than a firm and consistent application of the rule would lead to confusion in an area of the law where certainty and clarity are of paramount importance. Schenker's reasoning is likely to produce uncertainties. For instance, Schenker's interpretation of the rule would apply only to instances in which the damage claimed by a plaintiff results solely from the goods actually being delivered after the guaranteed delivery date. Therefore, in order to determine whether Schenker's proposed rule or the traditional rule would apply, courts would have to examine the type of damage claimed by the plaintiffs and possibly even conduct a factual inquiry to ascertain whether or not the failure to deliver goods on a promised date actually caused the injury the plaintiff claims. Parties would not be adequately on notice of their respective rights if the running of the statute of limitations could not be determined until after such an inquiry as to whether the damage alleged resulted directly from a late delivery. Another consideration arguing for the recognized rule is that even where a party suffered some loss because of a delayed delivery, it might have good reason, including possible mitigation of damages, to wait until the goods are actu-

ally delivered and it has had an opportunity to inspect them, before initiating litigation.

Moreover, in this case it is not clear that Old Toledo's claim would be barred even under Schenker's theory that the statute of limitations should run from the date the party was put on notice of the damage. According to Schenker, Old Toledo was on notice as soon as the alleged guaranteed delivery date passed without the actual delivery of the Goods. In a situation such as prevails in the instant case, however, it is conceivable that the last day Sears would have accepted the Goods, and Old Toledo would have avoided the late delivery penalty, was sometime after September 19 but before November 5. Old Toledo might then argue that the first day Old Toledo was on notice of its injury from the penalty was the date on which Sears would no longer accept the Goods, and not the guaranteed delivery date. Thus, under Schenker's proposed interpretation of the rule, a party in Old Toledo's position might urge the Court to find that the statute of limitations runs from the customer's rejection date and not the guaranteed delivery date. This prospect illustrates the type of uncertainty that a rigid, even "wooden," application of the traditional rule helps to eliminate.

■ Further, even if the Court were to find that the COGSA's statute of limitations would bar Old Toledo's claim, the Court would still hold that granting summary judgment for Schenker is not appropriate here because material issues of fact remain disputed regarding the application of COGSA. First, the COGSA's statute of limitations is waivable, *see, e.g., General Elec. Co. v. M/V Gediz*, 720 F.Supp. 29, 30 (S.D.N.Y.1989), and Old Toledo claims, and Schenker contests, that Schenker waived the limitations period under the Agreement. The parties also dispute whether the COGSA applies at all to the transaction at issue. If Schenker did not act as a NVOCC, the statute would not apply. Although Schenker assumes for the purposes of the Rule 56 Motion that the COGSA applies, it has previously argued that Schenker only acted as a "conduit of communications" for Old Toledo, (Schenker's Oct. 10 Letter) and its most recent letter to the Court accuses Old Toledo of "conceding" that Schenker acted as a NVOCC. (Schenker's Nov. 21 Letter at 2.) Were the Court to hold that Old Toledo's claim was time-barred under the COGSA, it would still deny Schenker's Rule 56 motion because the applicability of the COGSA turns on factual issues that are not appropriate for summary judgment.

Finally, Schenker argues that to deny its Rule 56 motion would be to allow Old Toledo to "have it both ways"—to argue that liability is based on a guaranteed delivery date but ignore that date for the purpose of calculating the limitations period. (Schenker's Nov. 7 Letter at 5). However, Old Toledo asserts that only one of the five counts in its Complaint is premised on the delivery date being guaranteed. Therefore, even if the Court were to find for Schenker on the statute of limitations issue, it would still be appropriate to proceed with the other four claims. These remaining claims are based on the delay of delivery but Schenker has not demonstrated that they hinge on a delivery date having been guaranteed.

## III. *ORDER*

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 21) of defendant Schenker, Inc. for summary judgment is DENIED.

**SO ORDERED.**